## AUSTIN CLAY v. MARY K. MOORE.

1. TAX TITLE.  *Deed by circuit clerk on redemption.  Effect as evidence.  Act approved April 5, 1872, construed.*

   A redemption deed executed by a circuit clerk in accordance with the provisions of Sec. 5 of an act entitled : " An act to quit tax titles and increase the revenue of the State," approved April 5, 1872, is not by the terms of that act made *prima facie* evidence that all the prerequisites to a valid sale for taxes were complied with, and no such presumption attaches, and such deed in itself is not sufficient to show *prima facie* title in the State.

2. SAME.  *Deed by circuit clerk on sale.  Effect as evidence.  Act of April 7, 1873, construed.*

---

Statement of the case.

---

A deed executed by a circuit clerk in 1874, which in form appears to be a redemption deed, and does not purport to be a conveyance in accordance with a sale made to the highest bidder at public outcry, even though it should not have been intended as a redemption deed, is insufficient to show *prima facie* title in the State, because it fails to show that the requirements of the amendatory act, approved April 7, 1873, were complied with by selling to the highest bidder at public outcry.

3. SAME. *Limitations of actions. Sec.* 1709, *Code of* 1871, *considered.*

Sec. 1707, Code of 1871, in providing that "No suit shall be commenced in any court of this State to invalidate any tax title to land, after three years from the time said land was sold for taxes," had reference only to sales by tax collectors, and did not refer to sales by circuit clerks under the acts above referred to.

4. SAME. *Limitation of actions. Sec.* 539, *Code* 1880, *construed.*

Sec. 539, Code of 1880, which provides that "Actual occupation for three years, after one year from the day of sale, of any land held under a conveyance by a tax collector, in pursuance of a sale for taxes, shall bar any suit to recover such land," etc., does not apply to land held under the conveyance of a circuit clerk, made in pursuance of the acts of 1872 and 1873, above referred to, where there is no evidence that such land is held immediately or remotely under a conveyance by a tax collector.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

This is an action of ejectment brought by Mrs. Mary K. Moore against Austin Clay.

The plaintiff deraigned her title and rested. The defendant, to support his title, then introduced a deed to R. A. Fewell, through whom he claimed as follows :

" This indenture witnesseth that R. A. Fewell, of the county of Lauderdale of the State of Mississippi, has this day paid to the undersigned clerk of the circuit court of the county and State aforesaid, the sum of thirty dollars, which is the amount of taxes due and unpaid, with six per cent. interest thereon on the following described lands, to-wit : Lots Nos. eleven (11) and twelve (12) block twelve (12), Ragsdale survey, city of Meridian, which lands were declared forfeited to or purchased by the State of Mississippi for the non-payment of taxes for the years 1871, 1872 and 1873. Now, know all men that the State

of Mississippi, for and in consideration of the above payment, hath conveyed, and does by these presents convey and quit claim to the said R. A. Fewell all right and title to said lands free from the claims of all persons whomsoever claiming by or through said State.

"Witness my hand and seal of office this the 20th day of March, 1874.　　　　　　　R. L. HENDERSON, Clerk."

The defendant and those through whom he claimed ·had been in possession of the land in question from April, 1874, to the date of the institution of this suit, December 17, 1886. The plaintiff was a married woman from January, 1869, to November 1, 1880.

There was a judgment for the plaintiff, and the defendant appealed.

*Whitaker, Dial & Witherspoon,* for the appellant.

1. Much stress is laid upon the fact that the clerk's deed is in the form of a redemption deed, as provided in the Acts of 1872, page 11. Now there is no significance in that for two reasons : 1st. There is nothing in the form of a redemption deed or on its face to show whether it is a redemption deed or a purchaser's deed. The form for a redemption deed does not show that the grantee in the deed is the owner or one who claims the land ; it does not show that the lands were forfeited for the taxes of the grantee, and it does not show that the grantee has redeemed the land. In short, there is nothing about the redemption deed to show its own nature. It was only intended to convey the State's title, and hence the form of it shows that and nothing more. 2d. While the acts of 1872 provide no formula of a deed to a purchaser, yet it is manifest that such a deed would necessarily be identical in every particular with the form provided for the redemption deed. It could not be different and be a compliance with the statute.

2. Conceding, for the sake of argument, that the assumption of counsel that the recital in our deed that it was made for the taxes of 1871, 1872 and 1873, is conclusive proof that the land was sold for the taxes for those years and no other; that this recital is not to be taken in connection with the record from the auditor's officer, and that the latter must be ignored, we submit that

the clerk had the power to sell for the taxes of 1871. It is true that the acts of 1872 authorized the clerk to sell the lands forfeited to the State for taxes " due " upon them prior to October 1, 1871, and it is also true that under the code of 1871 the taxes of that year were not due in the sense of payable, or having reached maturity until October 1, 1871 ; but certainly the word " due " in the acts of 1871 does not mean payable or having reached maturity. It means " owing ; " that was a debt prior to October 1, 1871. In this sense the taxes of 1871 were " due " prior to the 1st of October.

Appellee is barred by virtue of Sec. 1709, Code of 1871. In the Section 1709, Code 1871, there is no saving clause to any class of persons, either to married women, minors, or insane persons ; and although there is in Section 539 of Code of 1880 a saving clause to " minors and persons of unsound mind," yet there is none to *married women.* So, even if this latter section could be held as applicable at all to the present case if the interested party were a minor or of unsound mind, it cannot be held to apply in favor of a married woman.

Each of these statutes " contains its own exceptions as to disabilities ;" and unless married women are excepted by the statutes themselves, the courts will not undertake to engraft exceptions on the statutes. The legislature saw fit to make no exceptions in either statute in favor of married women, and they were required to assert their rights within the time specified therein. *Summers* v. *Brady,* 56 Miss. 10.

*S. A. Witherspoon,* of counsel for the appellant, argued the case orally.

*Calhoon & Green,* for the appellee.

1. The redemption deed from the circuit clerk to R. A. Fewell relieves us of any doubt, since it recites that the lands " were forfeited to, or purchased by the State of Mississippi for the non-payment of taxes for the years *1871, 1872 and 1873.*"

Now, we insist that the circuit clerk never had any power to sell lands for the taxes of either of these years.

The act under which he proceeded—*Acts 1872, page 9, et seq*—had reference, and in express terms, to land, with taxes due upon them, " prior to the first of October, 1871." This act " to

quiet tax titles and increase the revenue of the State "—what grave irony—arms him with no power to lay his grasp upon any land whatever which had not been " forfeited to or purchased by the State for the non-payment of taxes *due upon the same,* prior to the 1st of October, 1871."

The amendment to it—*Laws Reg. Ses. 1873, page 91*—refers to the same lands and no others.

2. Section 1709 of the Code of 1871 does not apply, nor does Section 539 of the Code of 1880. The very proof of defendant shows that there was no *purchase,* but a *redemption* by Fewell from the circuit clerk, and so the statutes have no application. If any statute of limitation could avail defendant, it could only be the ten-years section of the general statute ; and this does not, because the plaintiff was, all the time, a married woman.

2. Section 1709, Code 1871, was repealed in 1876, Acts, p. 165, before three years had elapsed from sale.

3. Section 539, Code of 1880, cannot be appealed to for protection by the tenant; because he did not hold under any conveyance from any tax-collector, as it requires.

*S. S. Calhoon,* of counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the Court.

The deed of the circuit clerk to Fewell is not " such deed " as Sec. 5 of an act entitled : " An act to quiet tax titles and increase the revenue of the State," approved April 5, 1872, acts p. 9, made *prima facie* evidence ; because if it was executed on a redemption of the land, which seems probable, the presumption did not attach, and if it was not executed in such circumstances, it was not authorized except after a sale of the land at public outcry to the highest bidder, as directed by Sec. 5 of an act amendatory of the above act approved April 7, 1873, acts p. 91.

The deed is in the form prescribed for a redemption, and shows as its consideration the exact sum required for redemption. It does not purport to have been made in pursuance of a sale made in the only way the land could have been sold at the date of its execution, and it must be regarded as having been

executed upon redemption or as having been made under cir-- cumstances not authorizing it, and in either case no presumption arose from it, and it is not sufficient to show title in the State.

Section 1709 of the Code of 1871 in providing that "No suit shall be commenced in any court of this State to invalidate any tax titles to lands, after three years from the time said land was sold for taxes," had reference to sales by tax collectors, and did not embrace any others. It is manifest that the prescribed period commenced to run from the time of the sale by the collector, and not at a subsequent date, when a sale might be made by some officer of land before sold to the State for taxes. The sale by the circuit clerk under the act of 1872 was not embraced in Sec. 1709 of the Code of 1871.

Sec. 539 of the Code of 1880 is not applicable, because there is no evidence that the land is held immediately or remotely under a conveyance by a tax collector. The circuit clerk's deed not furnishing such evidence, as shown above, there is none in the record; wherefore the judgment is

*Affirmed.*