## B. S. RICKS v. MARY G. BASKETT.

1. TAX-TITLE. *Void sale. State lands. Levee taxes.*
   Where land held by the state under a previous tax-sale was sold for liquidating levee taxes in 1870, the latter sale was void.

2. SAME. *Laws 1872, p. 9. Release to " owner."*
   Under the act of April 5th, 1872, which required the circuit clerk in each county to advertise state tax lands, and provided that the "owner" might "redeem" within one year, the purpose of a conveyance from the clerk within the time was merely to relinquish the state's claim, and to the *owner*. Paying the amount required and obtaining a deed by one claiming the land under a void tax sale, operated only as a redemption.

3. SAME. *Effect of deed. Presumption. Title.*
   A deed made by the clerk under said act is not *prima facie* evidence of title. *Clay* v. *Moore*, 65 Miss. 81.

4. SAME. *Act 1860. Lapse of five years. Void sale.*
   The act of 1860 (Laws 1859–60, p. 213), which made a tax-title unassailable after five years, has no application if the land was not salable for taxes. It does not cure a levee tax sale which was void because the land, being held by the state, was not subject to sale for taxes. *Metcalfe* v. *Perry*, 66 Miss. 68.

5. SAME. *Act 1860. Code 1871, § 1709; when applicable.*
   Said act of 1860 was not applicable to a deed made in 1873. In lieu of

said act, § 1709, code 1871, was then in force, and it did not embrace any other than sales made by collectors.　*Clay* v. *Moore,* 65 Miss. 81.

6. REMOVAL OF CLOUDS.　*Title in complainant.*

In a suit to remove clouds a complainant without title must fail; in such case the court will not consider defendant's title.

FROM the chancery court of Leflore county.

HON. WARREN COWAN, Chancellor.

The land in controversy, situated in Leflore county, was sold, to the state for non-payment of taxes July 6, 1867. After that, and while the land was so held or claimed by the state, it was, in 1870, sold to the liquidating levee board for levee taxes claimed to be due thereon. On February 19, 1873, the appellee, Mary G. Baskett, purchased the levee board's title and received a deed for the land from W. H.. Vassar, commissioner of the board. On October 25, 1873, she applied to the circuit clerk of the county and obtained from him a deed to the land, reciting payment of all taxes including the taxes for 1873, which deed, purporting to convey to her the title of the state, was made under the act approved April 5, 1872 (Laws 1872, p. 9), as amended by the act of 1873· (Laws 1873, p. 91).

On December 12, 1888, she filed the bill in this case against the appellant, B. S. Ricks, seeking to cancel as a cloud upon her title certain deeds which the defendant had obtained. The defendant claimed under a sale of the land to the state for taxes under the abatement act of 1875, and by a subsequent purchase of the state's title from the auditor. It is, however, unnecessary to set out the defendant's title or the objections to it, since the court holds that the complainant failed to show title.

Under the above-mentioned act of 1872, the auditor was required to furnish to the circuit clerk of each county a list of lands purchased by the state for non-payment of taxes, and the clerk was required to give notice by publication that the owners of such land might redeem the same, and all lands not redeemed within that time were to be subject to purchase by any other person. And, by the act of 1873, it was made the duty of the circuit clerk to give

two months' notice by publication, and sell all lands not redeemed by the owners.

Under the said act of 1872, the complainant, claiming to be the owner of the land by virtue of the purchase from the levee board, applied to the circuit clerk and received a deed therefor as above stated. This deed purports to sell and convey the title of the state, without warranty.

The defendant answered the bill, setting up title in himself and denying complainant's title. A decree was rendered confirming complainant's title and cancelling that asserted by the defendant, from which he appeals. The opinion contains a further statement of the case. Section 1709, code 1871, referred to therein provides that "no suit shall be commenced in any court of this state to invalidate any tax-title to lands after three years from the time said lands were sold for taxes."

*Nugent & McWillie,* for appellant.

1. The land was not properly advertised by the circuit clerk under the act of 1872. He was required by that act to give twelve months' notice within which time the owner might redeem, and, if this was not done, he was required to give a second notice by publication for three months, after which the lands could be sold to any person desiring to purchase. In this case the notice to owners for the purpose of redemption was first published March 8, and continued until October 1, 1873. There was no publication of the expiration of the right to redeem and giving notice of the right to purchase. The deed to appellee was made under the publication which related to the right of redemption only. We, therefore, submit that no title was conveyed, and that the payment operated as a redemption. *Faler* v. *McRae,* 56 Miss. 227 ; *Sigman* v. *Lundy,* 66 Ib. 522 ; Cooley on Taxation, 368.

The language of the statute indicates that it was the legislative intent that the transaction should only be a redemption. In *Virden* v. *Bowers,* 55 Miss. 21, the defective advertisement was held to be cured by the express provision of the statute, but this differs from a total want of notice. Here the clerk could not exercise the

power without complying with the statute. Cooley on Taxation, 335. A stranger could not defeat the title by redemption.

2. True the complainants had obtained a deed from the levee commissioner, but it conveyed no title, because the sale to the levee board was absolutely void. Having no title, she could not redeem. The state had title paramount, and could deal with the land as was deemed proper. It was not intended that any but the owner should have the right to the state's title under the act of 1872, unless he saw proper not to apply for a deed after due publication.

*Coleman & Barry,* for appellee.

The deed from Waites, tax-collector, to the state made in 1867 is *prima facie* evidence of title. *Green* v. *Williams,* 58 Miss. 752; *Hardy* v. *Chrisman,* 60 Ib. 671; Code 1880, § 578.

The deed of Martin, circuit clerk, is *prima facie* evidence that the title thus acquired was vested in complainant. *Sigman* v. *Lundy,* 60 Miss. 522; *Hardy* v. *Chrisman, supra;* Code 1880, § 1641.

Complainant further showed title in the liquidating levee-board under the sale of 1870, and the statute of limitations cures all defects in that sale. The ruling in *Sigman* v. *Lundy* as to lapse of time precludes any attack on the title of complainant. The deed from the circuit clerk to complainant conveyed the state's title, and this was rendered unassailable after the lapse of three years. Code 1871, § 1709; *Nevin* v. *Bailey,* 62 Miss. 435. Hence the efforts to show an excessive levy and the failure to give notice are immaterial. When the complainant went before the circuit clerk and showed that she was the owner of the land, it was his duty to execute to her a deed, which was done in due form. She paid all the taxes due, and the title of the state vested in her, and it cannot now be questioned.

CAMPBELL, J., delivered the opinion of the court.

The appellee did not acquire anything by the conveyance made to her by the liquidating levee commissioner, in February, 1873, for he had nothing to convey, since the sale of the land to the liquidating levee board in 1870 was void because the land was then

held by the state by virtue of the conveyance to it by Waites, tax collector, on the 6th of July, 1867, if on no other ground.

The appellee took nothing by the deed made to her by Martin, the circuit clerk, in October, 1873, because she was not "*owner*" of the land *redeemed* by her. Her only connection with the land was from the deed of the liquidating levee commissioner, and that did not invest her with ownership. The deed by the circuit clerk operated as a mere redemption of the land—a surrender of the state's title to the supposed owner, and not to vest title or pass an estate to be asserted by the grantee as derived from the state as its vendee. This is manifest from a careful examination of "An act entitled an act to quiet tax-titles, and increase the revenue of the state," approved April 5, 1872, acts, p. 9. The language of the deed prescribed and made would seem to plainly imply a vesting of title in the grantee, but the scope of the act; the form of certificate prescribed to be given where the land had been sold for taxes which had been paid before sale; the failure to make such deed as was prescribed in case of redemption *prima facie* evidence of title, while the deed to a purchaser was thus invested, and the express language of the act, in speaking of "*owners*," and of the act of 1873, amendatory thereof, constrain the conclusion that the legislative purpose was merely to surrender or relinquish the claim of the state to the owner of the land who should within the time given pay the sum prescribed to extinguish the state's claim, and merge it in the former title.

The claim that the sale by the tax collector to the liquidating levee board in 1870 cannot be assailed because of the lapse of five years from the date of the sale, as provided by the act approved February 10, 1860, acts 1859–60, p. 213, is not maintainable, because, as already stated, the land was then held by the state, and therefore was not salable for taxes due the levee board, and the act of 1860 will not be so construed as to validate by lapse of time a sale for taxes of land not liable to be sold legally. *Metcalfe* v. *Perry*, 66 Miss. 68.

The deed made by Martin, circuit clerk, in 1873, is not *prima facie* evidence of title, as contended by counsel for the appellee,

*Clay* v. *Moore*, 65 Miss. 81, and was not rendered unassailable by lapse of time. It is not governed by the act of 1860, cited, because not made under that, but when § 1709 of the code of 1871 was in force, and that, as we have held, did not embrace any other sales for taxes than those made by collectors. *Clay* v. *Moore, supra.*

As the appellee, who was complainant in the suit, had no title to the land, she was not entitled to question the appellants, and, without examining his, we

*Reverse the decree and dismiss the bill.*