JOSEPH PATTERSON ET AL. *v.* E. R. DURFEY ET AL.

| | |
|---|---|
| 68 | 779. |
| 72 | 455 |
| 68 | 779 |
| 73 | 504 |
| 68 | 779 |
| 78 | 771 |
| o78 | 772; |
| 68 | 779 |
| c90 | 335 |
| f90 | 538 |

1. TAX-TITLE. *Limitations. Three years' possession. Code* 1880, § 539.
    Under § 539, code 1880, " actual occupation for three years after one year from the day of sale of any land held under a conveyance by a tax-collector, in pursuance of a sale for taxes, shall bar any suit to recover such land or assail such title because of any defect in the sale, or in any precedent step."

2. SAME. *Date of statute. Operative effect. Applies to past sales.*
    This statute was operative from the date of its enactment (November 1, 1880), and applies to tax-sales made before that time. Under it three years' actual occupancy of land by virtue of a tax-collector's sale bars absolutely and unqualifiedly any right of action for recovery thereof by all persons (save minors and insane persons) because of any defect in the sale, or in any precedent step.

3. SAME. *Delinquency; real or apparent. Policy of statute. Repose.*
    Whether the delinquency resulting in the tax-sale is real or only apparent, by the letter and spirit of the statute, in furtherance of the policy of making all lands pay taxes, actual occupancy by the purchaser for three years after the period allowed for redemption gives absolute title.

4. SAME. *Land assessed to levee board. Irregularity; when unavailing.*
    Where land sold to the state for taxes was afterwards purchased by one who retained actual possession for three years, in assailment of his title, it is unavailing to show that at the time of the tax-sale the land was assessed to the liquidating levee board, and was therefore not subject to sale for taxes.

5. SAME. *Act of* 1888. *Commissioners' deed. Prima facie evidence.*
    By § 1 of the act of 1888 (Laws p. 40) deeds of conveyance from Gwin and Hemingway, commissioners in the case of *Green* v. *Gibbs,* in the chancery court of Hinds county, are made *prima facie* evidence that the lands embraced therein were duly sold to the board of levee commissioners. As to these lands, this statute obviates the necessity of the production of the deed or list of lands originally sold by the tax-collector.

FROM the chancery court of Yazoo county.

HON. H. C. CONN, Chancellor.

Appellees, as complainants, obtained a decree in the court below, from which the defendants prosecuted this appeal.

A part of the land in controversy was sold to the state in 1878 for the non-payment of the taxes of 1877, and defendants afterwards purchased the same, receiving a deed from the auditor. At

the time of the sale of this land to the state, it was assessed to the liquidating levee board. Inasmuch as the act of 1867 exempts from taxation all lands held by the levee board, complainants insisted that the fact that the land was assessed to the board, rendered the sale thereof to the state void.

Another part of the land in controversy was on January 24, 1880, sold and conveyed to one Mercer, defendant's grantor, by Gwin and Hemingway, commissioners of the chancery court of Hinds county, under the decree in the case of *Green* v. *Gibbs*. In their deed it was recited that the lands therein conveyed to Mercer had been sold to the liquidating levee board in 1869 for the taxes of 1868. It was shown by complainants that the taxes on this land for 1868 had been paid before the alleged sale. As showing an outstanding title as to this land in the state, defendant introduced a certificate of the auditor reciting that it was sold to the state in 1875 under the abatement act; but no deed or certified list was introduced showing an original sale to the state. The other facts necessary to an understanding of the case are stated in the opinion of the court.

*Robert Bowman*, for appellants.

Three years' occupancy of land under a tax-title is a bar to recovery by the original owner, and cures all defects in the assessment and sale. Code 1871, § 1719; Code 1880, § 535; *Nevin* v. *Bailey*, 62 Miss. 433; *Pipes* v. *Farrar*, 64 Ib. 514; *Gibson* v. *Berry*, 66 Ib. 515.

Under § 1 of the act of 1888, the deeds made by the commissioners therein named, are made *prima facie* evidence that the lands were sold, and that the title is valid. Sec. 3 of the act, makes such deeds *prima facie* evidence of paramount title, and under § 4 twelve months' actual occupancy is a bar to any action to recover lands for any defect whatever in the tax-sale. Laws 1888, p. 40.

*T. H. Campbell*, for appellee.

1. A part of the land being assessed to the liquidating levee board, the sale thereof to the state for taxes was void. *Redmond* v. *Banks*, 60 Miss. 293. By the act of 1867, lands belonging to the

levee board were expressly exempted from taxation. This placed them on the same footing as lands belonging to the state or assessed to it.

2. The defect was not cured by the three years' statute of limitations for these reasons: (1) There was no statute of limitations other than the ten years' statute in force at the time of the sale. (2) The three years' statute in the code of 1871 was repealed by the act of 1876. (3) No other such statute was re-enacted until the code of 1880. The law at the date of sale governs. *Kaiser* v. *Harris,* 63 Miss. 590; *Bank* v. *Lewis,* 64 Ib. 727; *Gibson* v. *Berry,* 66 Ib. 515. Therefore, on March 4, 1878, when this land was sold, no statute such as is relied upon by appellant was in force.

The lands being assessed to the levee board, it was as if the taxes had been paid, and in such case no statute of limitation can apply. *Metcalfe* v. *Perry,* 66 Miss. 68; *Sigman* v. *Lundy,* Ib. 529; *Ricks* v. *Baskett, ante,* 250.

3. It is claimed that the other lands were sold to the state under the abatement act; but we say that the appellants fail to show that these were the class of lands upon which the abatement act operated. A sale to the state prior to 1874 was necessary, and there is no evidence of this; consequently there was no outstanding title in the state under the alleged abatement act sale. *Chambers'* v. *Myrick,* 61 Miss. 459; *Prophet* v. *Lundy,* 63 Ib. 603. Besides, the abatement act did not apply to lands claimed by the levee board. *Gibbs* v. *Green,* 54 Miss. 592; *Bunch* v. *Wolerstein,* 62 Ib. 56. That is, as to such lands, it was unconstitutional.

*R. G. Hudson,* on the same side.

In considering the twelve months' statute of limitations (Laws of 1888, p. 40), and other statutes of limitations, the court will bear in mind that part of the land in controversy was never legally assessed, and an assessment is a constitutional requirement that cannot be dispensed with by legislation. The other portion of the land was sold under the abatement act when not liable to be sold under that act.

The interest of E. R. Durfey could not in any event be affected by the act of 1888, as he had filed the bill in this case before that act was passed.

(Counsel also made an argument and cited authorities to show that the tax-titles under which appellants claimed were invalid. But, as the court makes the decision of the case to turn entirely upon the question of the statute of limitations and the curative act of 1888, it is not deemed necessary to give this part of the argument.)

WOODS, J., delivered the opinion of the court.

The complainant, E. R. Durfey, soon after attaining his majority, filed this bill in the chancery court of Yazoo county against the respondents, in which he alleges that as one of the devisees of Mrs. Eliza Askew, deceased, his maternal grandmother, he was entitled to an undivided one-fourth interest in the lands in controversy; that the several conveyances under which the respondents claim title to the entire estate in the lands is a cloud upon his undivided interest therein; and he prays to redeem, and for an accounting, etc. The respondents in their answer, besides a vast multitude of other matters, show that one Mercer acquired the state's title to a portion of the lands by conveyances from the auditor of public accounts in the years 1879 and 1880, and to the remainder of said lands by deed from Gwin and Hemingway, commissioners, in the year 1880; that they were Mercer's vendees by several purchases about the year 1880: they deny the invalidity of the tax-deeds under which they claim to derive title, and they deny that their deeds are clouds upon complainant's title: they deny their liability for mesne profits and rents, even if complainant is entitled to redeem, which they deny. In August, 1889, a year and a half after the original bill had been filed, by leave of the court, the adult brother of complainant and two adult sisters were permitted to make themselves parties complainant, and to amend the original bill. The bill, as amended, alleges that the complainants are the rightful owners of the lands by devise from Mrs. Eliza Askew, deceased; that E. R. Durfey, the sole com-

plainant in the original bill, was, and one of the complainants in the amended bill was, under the disability of minority until April, 1886 ; and that the sisters, complainants in the amended bill, were under disability of coverture from 1871 until 1880, and that the claim of title by defendants is a cloud upon their own ; and they pray cancellation of defendants' deeds as clouds. To this amended bill the defendants made voluminous answer, setting up the various matters in defense offered in their answer to the original bill, and especially pleaded the statute of limitations of three years contained in section 539, code 1880, alleging that the defendants have been in the actual occupation of said lands for more than three years since that statute of limitations was enacted and before the commencement of this suit. To invalidate the several deeds under which the defendants claim title derivatively, it is contended by counsel for appellees that the lands conveyed to Mercer by Gwin and Hemingway, commissioners, were not delinquent for taxes in 1869, when they were sold to the levee board, and that the other lands in controversy, purchased by Mercer from the auditor of public accounts, were not liable to sale for non-payment of taxes for the year 1877, for the reason that they were then assessed to the liquidating levee board.

Grant all these defects and irregularities, and the case is no way helped in so far as the three complainants who were made parties to the amended bill are concerned. One of these three complainants was nearly thirty years of age when he became a party to the suit, and the other two added complainants were older. The defendants are shown to have been in actual occupation of their lands since 1881. The statute of limitations of three years, found in section 539, code 1880, interposes an insurmountable bar to any recovery of the lands by R. W. Durfey, Mrs. Cassedy and Mrs. Dulany. We hold the statute operative from its enactment, and its letter and spirit bar the three older complainants. In pursuance of the public policy to punish the delinquent tax-payer, and to secure the purchaser of land at tax-sale, or, derivatively, under former sales for taxes, and to make so far as legislation having these objects in view can do so, all lands pay taxes, the legislature enacted this

---

---

statute of repose, saying, in effect, to all delinquents : "You shall, despite your past neglect and refusal to pay taxes, have yet three years, after one year from the day of sale, in which to contest the sale and save your forfeited lands ; but your failure to act within the prescribed period shall bar any right of action for a recovery, unqualifiedly and absolutely, save in cases of minors or insane persons, and against these the statute shall not run until after the removal of their disabilities." The period of redemption, as to the three older complainants, has expired, and their right to recovery is finally barred.

As to E. R. Durfey, the bar had not been completed when he filed his original bill, asserting his title to an undivided one-fourth interest in the lands, and praying to be allowed to redeem. If the defects and irregularities in the tax-sales, under which defendants derive title, really existed, E. R. Durfey can take advantage of them now, and is entitled yet to redeem upon the terms prescribed by our laws.                                        *Reversed and remanded.*

*T. H. Campbell*, for appellee,

Filed a lengthy suggestion of error, making the following points :—

I respectfully suggest that the court erred in holding that all the complainants, except E. R. Durfey, were barred of recovery because of three years' possession by the defendants under § 539, code 1880, at least so far as the land conveyed by Gwin and Hemingway to Mercer is concerned, if not all the lands. This question only applies where there has been a sale by the tax-collector. *Clay* v. *Moore*, 65 Miss. 81.

The only evidence there could be of a tax-collector's sale, would be a deed, or after the code of 1871, a certified list. The commissioners' deed alone is not *prima facie* evidence of the original sale for taxes. *Clymer* v. *Cameron*, 55 Miss. 593 ; *Weathersby* v. *Thoma*, 57 Ib. 296. In these cases it was expressly decided that a deed from the auditor, without the tax-collector's deed or certified list, was not *prima facie* evidence of title. There being no evidence of sale by the tax-collector, under *Clay* v. *Moore*, § 539 of the code could not be invoked.

A careful perusal of § 539 shows that it was not intended to apply where the taxes had been paid, but only where the sale was void because of the defective execution of powers in making the sale, or in some precedent step, as, for instance, where the sale had been made on the wrong day, or where the roll was not returned within the time required. The section could not be intended to validate a sale absolutely void because made contrary to the constitution. Such is the effect of the decision in *Nevin* v. *Bailey*, 62 Miss. 433, construing § 1709, code 1871.

It was evidently the intention of the legislature to make § 539, code 1880, apply only to delinquents, as it makes three years' possession a bar to any suit to recover the land, because " of the defects in the sale of said land for taxes." There could be no sale " *for taxes*" if the amount required had been duly paid. Delinquency is as essential to the power to sell lands for taxes as an assessment or levy, and he who has paid all taxes assessed on his property need not trouble himself about the sale of it. *Metcalfe* v. *Perry*, 66 Miss. 68.

The deed of Hemingway and Gwin, commissioners, referred to above, is the only thing in the record that would give the least intimation that there was ever any tax-sale, and the recital in this deed, while not evidence, shows that the lands were sold in May, 1869, for the levee taxes of 1868, and the tax receipt introduced in evidence shows that the lands were not delinquent for that year, because the taxes had been paid.

That § 539 of the code was intended only for delinquents, to my mind, is evident, and that it made this impression upon the mind of the distinguishd judge who delivered the opinion in the case at bar, is evident from the fact that the latter part of the opinion so states.

WOODS, J., delivered the response to the suggestion of error.

The construction placed upon § 539, code of 1880, by this court in *Clay* v. *Moore*, 65 Miss. 81, and relied upon by counsel making the suggestion of error, is adhered to by us. The bar of the statute of three years created in this section applies only to those cases in

68 MISS.—50

which there has been a sale of lands held under a conveyance by a tax-collector.

We adhere also to the opinion of this court in the cases of *Clymer* v. *Cameron*, 55 Miss. 593, and *Weathersby* v. *Thoma*, 57 Ib. 296. The former opinion of the court in the case at bar is not in conflict with ány of the opinions in the cases referred to, and neither does, nor was intended to, unsettle any of them.

The misapprehension of counsel arises from the failure to recall the rule of evidence in such cases, created by the first section of chapter 23, p. 41, act of 1888 (Laws, p. 40). By this statute, the deeds of conveyance from Gwin and Hemingway, commissioners, are made *prima facie* evidence that the lands embraced in such deeds were duly and legally sold to the board of levee commissioners. The necessity for the production of a sheriff's deed to the state, or of the list of lands sold to the state, is obviated by this section of the act of 1888, and the suggestion is therefore without merit.

It is true, generally, that the purpose of our revenue scheme, amongst other ends sought to be reached, is that of punishing the delinquent tax-payer. But counsel takes with too strict literalness what we have said about delinquents. A tax-payer may be *really*, in fact, delinquent, or he may be *apparently* delinquent. In either case, so far as the public can know, the delinquency is the same, and, if not cleared up by proper action on the part of the apparent delinquent, the results may be the same. In the case of the apparent delinquents, the loss of their lands may occur, not because they have not in fact paid the taxes due on such lands, but because they have permitted the same to be sold as if really delinquent, and, for one year succeeding such sale, have taken no steps to assert their rights, and, moreover, have permitted thereafter, for three additional years, the purchasers under such tax sale to actually occupy such lands. The apparent delinquent is cut off by the statute of limitations found in § 539 of the code, by reason of his failure in the given time to assert his rights against the purchaser actually occupying adversely.

The hardship, if any there be, is only that hardship imposed by every statute of limitation in exceptional cases.

*The former opinion must be adhered to.*