### SAMUEL W. HOSKINS v. ILLINOIS CENTRAL RAILROAD COMPANY.

1. PUBLIC LANDS. *Homestead laws of United States. Exemption from taxation.*

    Lands entered under the homestead laws of the United States are not liable to taxation before the time at which a right to a patent is perfected.

2. SAME. *Tax sale. Statute of limitation. Code* 1892, § 2735.

    The three years' statute of limitation (code 1892, § 2735), barring suits for lands against parties holding under tax titles, applies only to lands that were taxable when sold for taxes. *Patterson* v. *Durfey*, 68 Miss., 784, and *Carlisle* v. *Yader*, 69 Miss., 384, overruled.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Hoskins, appellant, was plaintiff in the court below, and the railroad company, appellee, was defendant there. The action was in ejectment. The defendant claimed the land under a tax title, made in 1885 for the taxes of 1884, and showed full three years' actual adverse possession of the premises thereunder before the beginning of the suit. It was shown by the plaintiff that the land had been homesteaded from the United States government in 1882, and the homesteader from whom

plaintiff derives title had not perfected his right to a patent when the tax sale was made.

The court below, following the decisions of the supreme court mentioned in the opinion and there overruled, instructed the jury to find for the defendant. From a verdict and judgment in the court below against him, the plaintiff appealed to the supreme court.

*J. A. P. Campbell* and *Charles Chrisman*, for appellant.

While the land was a part of the public domain of the United States, having been entered as a homestead in 1882, with the final certificate in 1889, and the patent in 1891, it was sold for taxes in 1885, when the state had no power to tax it or deal with it in any way whatever. Granting all that has been said by this court in its rigorous interpretation and application of the three-year statute, it is yet true that the statute is not applicable to the facts here. In every case decided by this court the land had ceased to be part of the public domain of the United States, was therefore taxable, and properly on the assessment roll, though in some cases not salable for some reason. Here the land belonged to the United States, was held as part of the public domain, was entered upon under the beneficent homestead law, and could not become private property under five years and upon performance of the prescribed conditions. In this condition it was beyond the power of the state to tax it. It was not liable to be dealt with by the state, and a sale for taxes was absolutely void, not for any defect in the proceedings or sale, but because it was not a subject in the power of the state. Gould & Tucker's Notes on Rev. Stat. U. S., 537, sec. 2296; *Railway Co.* v. *McShane*, 22 Wall., 44; *Northern Pacific* v. *Traill Co.*, 115 U. S., 60; *Van Brocklin* v. *State*, 117 U. S., 151; *Carroll* v. *Safford*, 3 How. (U. S.), 441; *McCulloch* v. *Maryland*, 4 Wheat., 429.

The words, "a conveyance by a tax collector, in pursuance of a sale for taxes," used in the statute, presuppose assess-

ment and liability for taxes (constitutional prerequisites for a sale for taxes), are not applicable to land not in the taxing power of the state. The prime object of the law being to make owners pay taxes, it applies only to lands upon which taxes may be assessed and collected. If to punish delinquency be an object, it applies only to such as owe taxes, and not to those whose lands could not be taxed by the state. The five years act of 1860 was not applicable to lands paid on, because they were not within its purview (*Metcalf* v. *Perry*, 66 Miss., 68), nor did it apply to a levee tax sale of land held by the state for the same reason. *Ricks* v. *Baskett*, 68 Miss., 250. The statute applied only to lands contemplated in its enactment. *Clay* v. *Moore*, 65 Miss., 81; *Bennett* v. *Chaffe*, 69 Miss., 279. So as to the three years' statute. Land not within its purview is not affected by it. The three years' occupation must be in pursuance of a conveyance by a tax collector of land that might, under proper proceedings, be lawfully taxed and sold by the state. The statute does not apply to one under disability to acquire title, and how can it apply to lands which by no proceedings could be lawfully sold ? *McGee* v. *Holmes*, 63 Miss., 50; *Jones* v. *Merrill*, 69 Miss., 747; *Pool* v. *Ellis*, 64 Miss., 555.

In *Jones* v. *Merrill*, 69 Miss., 747, speaking of a tax title in conjunction with a three years' occupation, the court said, " being a nullity, it is no more evidence of a conveyance by a tax collector than it is of a valid conveyance under a valid sale for taxes."

In *Brougher* v. *Stone*, 72 Miss., 647, stress is laid on the fact "that the lands were salable (subject to sale) because of the delinquency of the owner," etc. Here there was no delinquency, for the lands could not be taxed. The tax conveyance here is not available to start the three years' occupation as a bar, because not such conveyance as the legislature had in view in making a tax conveyance and three years' occupation a bar.

*Mayes & Harris* and *J. M. Dickinson*, for appellee.

The real and only point is as to the applicability of § 2735, code 1892, being the three years' statute of limitation to protect a tax title. The railroad company held under a tax title, and had been in the actual adverse possession of the land for more than three years before the suit was begun. Its defense was perfect under the decisions of this court. *Patterson* v. *Durfey*, 68 Miss., 779; *Carlisle* v. *Yoder*, 69 Miss., 384.

TERRAL, J., delivered the opinion of the court.

Land entered under the homestead laws of the United States may not be sold for taxes assessed before the time at which a right to a patent is perfected. A sale before such time is absolutely void, and cannot support, under § 2735, code 1892, a claim of title by reason of three years actual occupation thereunder. Section 2735 applies to sales of lands only that are taxable and salable, and in which there is some defect in the proceedings relating to the assessment or sale. In such case the owner, knowing his land to be taxable, ought to be on his guard against their loss by any negligence of his own. It applies to lands that are taxable and which should have been assessed, and which were assessed and sold, but the proceedings relating to the assessment or sale are infected with some infirmity of which the statute is to be the cure. It does not affect fundamental rights—as a liability to taxation, a question only of constitutional or legislative authority. Could it do so, the subordinate officers of government could defeat the will of the sovereign power and accomplish by indirection what the laws plainly forbid. .

The learned judge, in *Patterson* v. *Durfey*, 68 Miss., 784, places the reason for the statute upon the ground of the "neglect" of the taxpayer, but there is no neglect where there is no power in the authorities to assess the land for taxes. And this is true whether the land is exempt because it belongs to the federal government or to the state, or to the county or to a

municipality, or to a levee board, or is for any reason exempted from taxation. We see no reason in the nature or qualities of the exemption, by reason of the ownership of the land by the federal government or other owner. We place our decision upon the ground that the property is exempt from taxation by law, and all attempts to subject it to taxation is in fraud or in violation of law, is the act of wrongdoers, and cannot give color for divesting the title of the owner by three years actual occupation, under § 2735, code 1892.

The cases of *Patterson* v. *Durfey*, 68 Miss., 779, and *Carlisle* v. *Yoder*, 69 Miss., 384, so far as they are in conflict with this decision, are overruled.

*Reversed and remanded.*