BARKSDALE *v.* GRILLCRIST-FORDNEY CO.

[70 South. 691.]

TAXATION. *Sale of lands for taxes. When lands subject to taxation.*

    Lands entered from the United States Government became subject to taxation by the state when the entryman received a final certificate adjudging him to be the owner thereof and before the receipt by him of the patent thereto.


APPEAL from the chancery court of Smith county.

HON. SAM WHITMON, JR., Chancellor.

Bill by the Grillcrist-Fordney Company against S. W. K. Barksdale. From a decree for complainants, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellant.

The chancellor and the solicitors for the appellant must have overlooked the Act of Congress approved January

110 Miss—36

26, 1847, published in Mississippi, Code 1857, page 696, wherein Congress expressly assented to the several states admitted into the Union prior to the 24th of April, in the year of our Lord one thousand eight hundred and twenty, to impose a tax or taxes upon all lands thereafter sold by the United States in said states from and after the day of such sale. Mississippi became a state in 1817.

The question, therefore, and the only question in this case, is, when did the United States sell the land to Hancock? We insist, and the authorities cited in the brief of our associates show, that the sale was completed and perfected in July, 1894, when the final certificate was issued.

We have a section in our Code, Code 1906, section 1959, in perfect harmony with this view.

It is a well known fact, of which this court will take judicial notice, that United States patents are frequently delayed for years after the government has ceased to be interested in the land, and thousands of acres of land in this state have never had patents. To hold that the land was not taxable until a patent was issued and delivered would be a very severe blow to the revenues of the state.

*T. J. Wills,* for appellee.

The case turns upon the question of the correctness of the ruling of the chancellor in sustaining the demurrer to appellant's cross-bill. If the demurrer was correctly sustained, then the order of the court striking the answer of appellant and entering a decree *pro confesso,* and thereafter a final decree in favor of appellee, was correct.

The answer and cross-bill of appellant with the references thereto made to the assessment of the land for taxes, and the sale therefor, we think show conclusively that the sale was illegal and void. The land was assessed in 1892 at the regular quadrennial assessment provided for by statute, and was assessed to owner unknown, together with four other 40's making six 40's assessed and valued

together in one inseparable valuation to unknown owner. This assessment was illegal and void because in 1892 the land was a part of the public domain, and was void at that time and could not have authorized the tax collector to sell the land for unpaid taxes. To authorize and empower the tax collector to sell the land for delinquent taxes thereon after the lands had become segregated from the public domain and become private property subject to taxation, a legal and valid assessment must be made in manner and form as provided by statute, to the owner if known, to the unknown owner if the name of the owner cannot be ascertained, and this assessment after the land becomes subject to taxation is a condition precedent to the power and authority of the tax collector to make a valid sale and convey title to the state or an individual for the delinquent taxes.

We call the court's attention especially to the case of *Hoskins* v. *Ill. R. R. Co.* 78 Miss. 768, 29 So. 518, as authority for the position herein taken. Counsel for appellee cites this case with the following quotations:

"Land entered under the homestead laws of the United States cannot be sold for taxes assessed before the time at which a right to a patent is perfected."

Counsel inadvertently misquotes the case. By reference to the Southern Reporter we find that the court said: "Land entered under the homestead laws of the United States cannot be sold for taxes before the time at which a patent is perfected."

Counsel for appellant underscores the word "right," which does not appear in the reported case in Southern Reporter, and which puts entirely a different meaning in the language of the court from that used by the court, and the case is authority for the position we have taken, and condemns the contentions of appellant. It was upon the authority of this case, perhaps, more than any other authority, that the chancellor sustained the demurrer and struck the answer, and entered the decree in favor of appellee.

The contention of appellant that upon issuance of the final receipt the land became segregated from the public domain and became subject to taxation, can afford appellant no consolation in this case. Upon the compliance on the part of the purchaser from the government of a part of the public domain by making his final proof or the payment of the purchase price, and the issuance of a final receipt from the government for the money therein paid, places an equity in the purchaser, but the legal title remains in the government with the right within a reasonable time for the cause shown to cancel the entry, and if such steps are not taken within a reasonable time then the purchaser's right to a patent becomes absolute and the complete equitable title is vested in him, the government holding the bare legal title for his use and benefit. But sure it is that a reasonable time must be allowed the government, acting through its proper officials and clerks, in which to issue the patent and divest the government of the title and place it in the purchaser. In this case the entryman was not clothed with the legal title, nor the right to the legal title until a reasonable time had elapsed for the making of a final proof in which the issuance of the patent might be made, and we submit that from July 3, 1894, to July 27, 1895, was not an unreasonable time, an entryman was not called upon to have his land assessed. and the land was not subject to taxation prior to his right to receive a patent from the Government.

SMITH, C. J., delivered the opinion of the court.

Appellee by his bill seeks to cancel the claim of appellant to the timber growing on certain land described therein as a cloud on its title. According to the allegations of the bill, the land was entered from the United States government under the homestead law by Joel W. Hancock; he having received a patent therefor in July, 1895, and the title of appellee being deraigned from him. Appellant filed an answer and cross-bill in which he ad-

mitted the entry of the land by Hancock and the receipt by him of the patent thereto, and alleged that on the 2d day of July, 1894, Hancock made his final proof and received his final certificate from the register of the United States land office; that the land was duly and legally assessed for the taxes of 1895, and duly and legally offered for sale by the tax collector for the collection thereof in 1896, at which sale it was acquired by the state, and afterwards conveyed by it to appellant. A demurrer to this cross-bill was sustained by the court, and a decree rendered in accordance with the prayer of appellee's bill.

The sole question presented to us by this record is: "Did this land become subject to taxation by the state upon the receipt by Hancock of the final certificate adjudging him to be the owner thereof, and before the receipt by him of the patent thereto?" That it must be answered in the affirmative will appear from an examination of *Carroll* v. *Safford,* 3 How. 441, 11 L. Ed. 671; *Hoskins* v. *Railroad Co.,* 78 Miss. 768, 29 So. 518, 84 Am. St. Rep. 644.

Reversed and remanded, with leave to appellee to answer appellant's cross-bill within thirty days after the filing of the mandate in the court below.

*Reversed and remanded.*