CHARLES H. OSBURN *v.* E. D. HIDE.

1. TAX-TITLE. *Approval of assessment roll. Curative act of March* 12, 1884.
    Although the act of 1884 (Laws 1884, p. 14) provides that all assessment
    rolls of land for the year 1883, "which were not returned at the proper
    time, or which may be in other respects irregular and illegal, be and
    they are hereby legalized," it is apparent from other parts of the act
    that its curative effect was made to depend on the receipt and approval
    of such rolls by the boards of supervisors at their meetings in August,
    1884.

2. SAME. *Assessment rolls of* 1883. *Failure to approve in* 1884.
    Accordingly, in ejectment, where plaintiff relies on a tax-title based on the
    assessment of 1883, it is competent for the defendant to show that the
    roll was not filed at the time required by law, and that it was not received
    and approved by the board of supervisors at its August term, 1884, as
    required by the act of March 12, 1884.

FROM the circuit court of Tallahatchie county.

HON. GEORGE WINSTON, Judge.

The plaintiff in ejectment relied upon a tax-title derived from
the state. He introduced the list of lands sold to the state in
March, 1883, for the taxes of 1884, which embraced the land in
controversy, and then introduced the auditor's deed to himself,
dated March 15, 1886.

The defendant offered in evidence the land assessment roll of
1883, to show that it had not been filed with the clerk of the board
of supervisors on the day required by law. The plaintiff objected
on the ground that the assessment roll of 1883 had been legalized
by the act of March 12, 1884 (Laws 1884, p. 14). Thereupon
the defendant offered the minutes of the board of supervisors, to
show that the said assessment roll had not been received and ap-
proved by the board at its August meeting in 1884, which defend-
ant contended was necessary under that act to the legalization of
the roll.

Section 3 of said statute is as follows :—

" Sec. 3. Be it further enacted, that all assessment rolls of lands
for the year 1883, which were not returned at the proper time, or
which may in other respects be irregular or illegal, be and they are

hereby legalized; and any party who may desire to object to such assessments may be heard at the August terms, 1884, of the boards of supervisors; and said boards may then and there receive said assessment rolls, and approve the same; and such receipt and approval, at the August terms, 1884, shall cure all existing defects in said assessment rolls."

The court sustained plaintiff's objection and declined to allow defendant to introduce evidence as to the non-approval of the assessment roll.

Judgment for plaintiff, and defendant appeals.

*W. B. Marshall,* for appellant.

The act of 1884 required the receipt and approval of the assessment roll by the board of supervisors at its August term that year, before it could be legalized.

*W. S. Eskridge,* for the appellee.

By the 2d section of the act of 1884 it was left discretionary with the board of supervisors whether it would equalize the assessments. Its failure to do so violated no duty and cannot prejudice the title of plaintiff. That act was merely amendatory of the code, § 503, and the right of the defendant was still left to appear at the August term, 1884, and object to the assessment. This he failed to do, and under the act of 1884 the assessment was legalized.

CAMPBELL, J., delivered the opinion of the court.

The appellant should have been permitted to show, if he could, that the assessment roll of 1883 was not filed in the clerk's office in the time required by law, and that the act entitled, "An act to amend section 503 of the code," etc., approved March 12, 1884, did not cure the irregularity because of the failure of the board of supervisors to receive and approve the roll at its August term, 1884. The true interpretation of the 3d section of that act is that its curative effect was made to depend on the receipt and approval at its August term, 1884, by the board of supervisors of the county, of the assessment roll of 1883. Acts of 1884, p. 14. We do not decide what would constitute receipt and approval by the board of

such roll, but that the defendant should not have been denied opportunity to show that there was no such receipt and approval by the board.

*Reversed and remanded.*