## J. W. BENNETT *v.* CHARLES CHAFFE ET AL.

1. CHANCERY PLEADING. *Allegations of bill.   General denial.   Code* 1880, § 1892.

   Where the chain of title relied on by the complainant is specifically set out in his bill, evidence thereof need not be introduced at the hearing if the answer merely denies his title in general terms. Code 1880, § 1892.

2. TAX-TITLE. *Auditor's deed.   Sale to state.   Evidence.   Limitation.*

   A deed from the auditor in 1868, reciting the sale to the state in 1860, is, of itself, not even *prima facie* evidence of title, and the purchaser by such a deed, without proving a sale to the state for taxes, cannot avail of either the act of February 10, 1860 (Laws, p. 213, § 1709, code 1871), or § 539, code 1880, limiting the time for assailment of tax-titles. *Clay* v. *Moore*, 65 Miss., 81.

FROM the chancery court of Lincoln county.

HON. H. C. CONN, Chancellor.

On March 9, 1886, was passed "An act to remedy the evils arising from the destruction of the records of the counties of Pike and Lincoln in the burning of the court-houses of said counties." Laws, p. 827. By said act it was provided that the owner or owners of lands within said counties may file a bill in the chancery court to have the title confirmed and quieted, the proceedings in such case to conform to the practice provided by law for confirming tax-titles.

Under said act, Charles Chaffe and John Powell filed this bill to confirm their tax-title to a large quantity of land. Publication was made for all persons having or claiming any interest in said lands; and, in addition to this, J. W. Bennett and his wife, M. E. Bennett, were made parties defendant, in order that they might assert any claim they might have to any of the lands. Mrs. Bennett disclaimed all interest, and a decree was entered confirming complainants' title to all the land, except one hundred and sixty acres claimed by J. W. Bennett. The latter, by his answer, claimed the land under a

purchase from the state June 18, 1868, and alleged that it was sold by the tax-collector on the tenth of May, 1860, to the state, for state and county taxes then delinquent; and that, after his purchase from the state, he took possession and control of the land, and continued to exercise acts of ownership over it until the filing of this bill. He made his answer a cross-bill against the complainants, and prayed that his tax-title might be confirmed. Complainants answered the cross-bill, denying that the land was delinquent in May, 1860, or that it was liable to be taxed at that time, because five years had not then elapsed since the title passed out of the United States government. The answer also denied that the state had acquired any title.

No deed from the tax-collector to the state, as required by the code 1857, or list of lands sold to the state, was introduced, but it was shown by defendant that the deed or list could not be found by search in the chancery clerk's office.

As evidence of the title in the state, defendant relied on a certified copy of the list of state lands taken from the books of the auditor's office, in which this tract was listed as having been conveyed in May, 1860, to the state. This list, in connection with the recitals in the auditor's deed, defendant contends, are *prima facie* evidence of title in the state. There was also evidence tending to show that Bennett had been in adverse possession of the land for more than five years, and defendant contends that his tax-title has been secured against any assailment by lapse of time under the provisions of the act of February 10, 1860 (Laws, p. 213), and of § 1709, code 1871, and § 539, code 1880, under which statutes, if applicable to this case, complainants would be barred of their right to assail defendant's title. The decree was in favor of complainants, and defendant appeals.

*A. C. McNair*, for appellant.

The list of lands from the auditor's office and the auditor's deed make a *prima facie* case. This list could not have ex-

isted unless there had been a sale to the state. It is admissible
and competent evidence of the sale. Code 1857, p. 518;
*Gamble* v. *Witty*, 55 Miss., 26. The deed from the tax-col-
lector was not the only evidence of a sale to the state. If it
is the best evidence, the certified list is still secondary evi-
dence, and it is shown that the original list of lands and the
original deed cannot be found.

Plaintiffs are debarred from attacking the tax-title. Laws
of 1860, p. 213; Code 1871, § 1709; Code 1880, § 539.; *Met-
calfe* v. *Perry*, 66 Miss., 68; *Patterson* v. *Durfey*, 68 Miss., 779.

The auditor's deed, whether supported by the deed from
the tax-collector or the list of lands filed by the tax-collector,
is competent to invoke the five or three-years' statutes of limi-
tations. *Pipes* v. *Farrar*, 64 Miss., 514.

*R. H. Thompson*, for appellees.

The auditor's deed is not *prima facie* evidence. This has
been too often decided to require citation of authorities. Un-
less a *prima facie* case is made out, it is idle to talk about the
law of tax-titles being applicable as concerns the possession.
At the time of the alleged sale, the code of 1857 required the
execution of a deed by the tax-collector to the state. Neither
the original nor a copy is produced in evidence; nor is its loss
established. The testimony rather tends to show that such
a deed was never made. In any event, it was necessary for
appellant to show its former existence and its contents. The
certificate from the auditor's office does not prove any thing.
It is not the certificate of the tax-collector or of anybody.
It does not show who was the purchaser, where, or by whom
it was sold. It seems to have been a mere memorandum
taken from the books of the auditor's office, and is wholly in-
sufficient to show title in the state.

CAMPBELL, C. J., delivered the opinion of the court.

The complainants were relieved of the necessity of pro-
ducing evidence of their title as specifically set forth in their

bill by the failure of the respondent to deny it specifically. Code of 1880, § 1892.

The tax-title relied on by the respondent, in itself, is nothing, because it is not shown that a sale for taxes was made, at which the state became the buyer, without which the conveyance by the state carried nothing; and, for the same reason, neither the act of February 10, 1860, (Laws, p. 213), nor § 1709 of the code of 1871, nor § 539 of the code of 1880 is of any avail, since each must rest on a sale for taxes by the collector primarily. Those were the sales contemplated. *Clay* v. *Moore*, 65 Miss., 81.

*Affirmed.*