OSCAR C. BROTHERS, JR., ET AL. *v.* JAMES J. BECK.

1. TAX SALE. *Assessment, return of. Laws* 1884, *p.* 14.

   If an assessment roll of 1883 was not received and approved by the board of supervisors as then required by law, and if the curative act (laws 1884, p. 14), authorizing its reception and approval in August, 1884, was not complied with, a tax sale made thereunder in March, 1887, is void, although the roll was received and approved at the September term, 1884, of the board.

2. SAME. *Res adjudicata.*

   A decree dismissing a bill to redeem an undivided interest in lands from a tax sale and for partition after redemption, does not estop the complainant from setting up the invalidity of the tax sale when sued in ejectment for the same land, although the bill, by an amendment stricken out prior to final decree, assailed the validity of the tax title.

FROM the circuit court of Sunflower county.

HON. F. A. MONTGOMERY, Judge.

The chancery court case mentioned in the opinion was, as made by the original bill, a proceeding to redeem an undivided interest in the land from the tax sale, and for partition of the tract between original complainants and defendants. To the original bill, appellee, Beck, was a defendant, but, having acquired the interest of the original complainants pending the suit, he, by an amended bill, became the sole complainant. The amended bill sought the cancellation of the tax sale, its validity being assailed on various grounds. Upon motion of the defendants thereto, plaintiffs' vendor being of them, all parts of the amended bill assailing the validity of the tax sale were stricken out, and thereafter a demurrer was sustained to the bill and what was left of the amendment, and the suit was dismissed. Other facts are stated in the opinion.

*W. R. Trigg* and *J. T. Manion*, for appellants.

The judgment of a court of concurrent jurisdiction directly upon the issue, is as a plea a bar, or as evidence conclusive, between the same parties, upon the same matter directly in question in another court. In *Morris* v. *Webber*, a well-known case, divorce was granted in the spiritual court because of permanent impotence, after which each spouse got married and each had children. Afterwards it became a question whether or not the children of the husband by the second marriage were legitimate, and the court held that, while the fact of their birth demonstrated that the cause of divorce was false in fact, yet sentence was conclusive.

In *Maye* v. *Brown*, also a well-known case, the right of a man to administer on the estate of a woman as his deceased wife, was contested on the ground that he had a former wife living; and his answer was, that he had, by a suit of jactitation of marriage in the consistory court, been declared free from all contract with the first woman; and the reply to this was that the jactitation sentence was obtained as the result of collusion. The prerogative court, in which the proceedings were pending, held that, as long as the sentence was allowed to stand in the consistory court, it was conclusive.

No error committed by a party, if the merits are decided, will relieve him from the force of a plea of *res adjudicata*, in case he sues again upon the same cause. Because he chose the wrong form of action or drew his bill unskillfully is no excuse for a new suit. Title settled in partition is conclusive in ejectment or in a suit in equity. *Hancock* v. *Lopez*, 63 Cal., 362; *James* v. *Brown*, 48 Iowa, 568; *Hicks* v. *Chapman*, 67 Ill., 375.

In case the title to land is put in issue and decided in a suit to remove a cloud, the title will be *res adjudicata*. *Chiles* v. *Champenois*, 69 Miss., 603. If, after demurrer sustained, plaintiff declines to amend the bill and dismisses the suit, it is a trial on the merits, because, by confession, he cannot make out a case. In the case, the record of which was offered in

evidence, the court refused to allow the complainant, the present appellee, to amend, and dismissed his bill—just as strong a case as the one cited, because the court determined that complainant was not entitled to any relief.

A judgment between the same parties on the same cause of action is conclusive between them. The exceptions to the rule are: (1) Where the action was not competent; (2) where the plaintiff has mistaken his character; (3) where the judgment was rendered for fault in a plea or in the declaration. The true question to be determined in such cases, is not whether the former suit was actually determined on the merits, but whether the merits were involved, and could have been determined in the suit. And the plaintiff who brings a second suit, must not leave it to nice investigation to determine whether the cause of action is the same or different, but he should show clearly that they are different, and it is a matter of no importance that the form of action in the first suit was different from the form of action in the last. *Agnew* v. *McElroy*, 10 Smed. & M., 552; *Johnson* v. *White*, 13 Smed. & M., 584.

*P. C. Chapman*, for appellee.

The chancery court did not render its decree upon the merits in the case, therefore the doctrine of *res adjudicata* does not apply. *Agnew* v. *McElroy*, 10 Smed. &. M., 552; *Johnson* v. *White*, 13 Smed. & M., 584; *Perry* v. *Lewis*, 49 Miss., 443; *Baird* v. *Bardwell*, 60 Miss., 164; 21 Am. & Eng. Enc. L., 266.

The tax title offered by the plaintiff in the court below was void, for the reason that the assessment roll was not presented or approved by the board of supervisors, as required by the law. Code 1880, § 499, requires the roll to be presented to the clerk of the board of supervisors on or before the first Monday in July. *Stovall* v. *Connor*, 58 Miss., 138; *Pearce* v. *Perkins*, 70 Miss., 276; *Carlisle* v. *Goode*, 71 Miss., 453. The plaintiffs, however, claimed that the assessment roll was

legalized by the act of 1884. This court has construed that act in the case of *Osburn* v. *Hyde*, 68 Miss., 45, in which the court say, "The true interpretation of that act is that its curative effect was made to depend on the receipt and approval of the roll by the board of supervisors of the county at its August term, 1884." The board of supervisors of Sunflower county did not, at its August, 1884, meeting, approve or take any action concerning the land assessment roll of 1883.

*Baker & Moody*, on same side.

There is nothing better settled than that for a judgment to be *res adjudicata*, it must have been rendered upon the merits of the cause, and not for defects in the pleading or mode of procedure. *Perry* v. *Lewis*, 49 Miss., 443; *Johnson* v. *White*, 13 Smed. & M., 584; 21 Am. & Eng. Enc. L., 266. In Wells on *Res Adjudicata* and *Stare Decisis* (revised edition, 1879), sec. 449, we find the author makes use of this language: "Where a demurrer, presenting two grounds, is sustained, but the ground is not stated, the ground presumed will be that fatal to the action. But where the one is merely fatal to the action— as, for instance, by reason of misjoinder—and the other involves the merits, or the right of plaintiff to recover on his cause of action, then the presumption will be that the demurrer is sustained on the former ground, leaving the merits still open to a better declaration." Citing 15 Iowa, 30. See, also, *Greene* v. *Bank*, 73 Miss., 543. This rule is just and sound, for, while it is true that a defendant should only be vexed with one suit for the same cause of action, yet our courts have expressly held that the first suit, in order to bar a second, must be decided upon the merits, and not for defects in the pleadings, and it being doubtful as to whether the judgment was rendered for such defects or upon the merits, the courts should indulge the presumption that the judgment was not rendered on the merits, as, by such a presumption the party winning the first suit could be damaged but little, while, on the other hand,

his adversary might lose his property by a defect in the pleadings or mode of procedure.   In fact, such a presumption is not only in line with the legislation of this state, but the policy of our courts, which has for years tended towards the end that no man lose his property or rights on account of defects in pleading.   Even if the demurrer was directed to the merits of the cause, the title of appellants was not, nor could have been, adjudicated thereby.   It is well-settled law that a judgment sustaining a demurrer is as binding, as to the facts stated, as if such facts were proved, yet it is equally settled that it is only binding as to those facts, and not as to facts which might have been alleged.   Wells on *Res Adjudicata* and *Stare Decisis*, secs. 446, 447.

Code of 1880, § 499, required that the roll should be presented to the clerk of the board of supervisors on or before the first Monday in July.   This was not done, and a sale made thereunder is necessarily void.   *Stovall* v. *Connor*, 58 Miss., 138; *Mitchum* v. *McInnis*, 60 Miss., 945; *Fletcher* v. *Trewalla*, 60 Miss., 963; *Pearce* v. *Perkins*, 70 Miss., 276; *Carlisle* v. *Chrestman*, 69 Miss., 392; *Carlisle* v. *Goode*, 71 Miss., 453.   The board of supervisors did not, at its August term, 1884, approve, or take any action whatever concerning, the land assessment roll of 1883.   As the curative effect of ch. 4, acts 1884, p. 14, was made to depend on the receipt and approval of the roll at its August term, 1884, by the board of supervisors of the county, the failure to deliver the roll to the clerk at the time required by law was not cured, and a sale made thereunder is necessarily void.   *Osburn* v. *Hyde*, 68 Miss., 45.

WOODS, C. J., delivered the opinion of the court.

This was an action of ejectment instituted by appellants against appellee for the recovery of the land named in the declaration.   By an examination of the transcript before us, we see that the right of the appellants to a recovery rested upon a sale of the lands for nonpayment of taxes, on March 7, 1887,

and the validity or invalidity of the title of appellants acquired under that sale involved the vital point in the case.

From the minutes of the board of supervisors, from the roll itself, and from the evidence of the witness, Dan McAuley, the deputy assessor who made out the roll, it is made certain that the roll was not received and approved by the board of supervisors in July, the time required by law.   It is equally certain that the roll was not received and approved by the board of supervisors at the August term of that body, as, by the curative act of March 12, 1884 (acts of 1884, p. 14), the board was authorized to do.   In fact, it abundantly appears, from the evidence referred to, that the roll was only received and approved by the board at its September meeting.   The curative act had no effect, therefore, because of a failure of the board to act as directed by the terms of the act itself.   See *Osburn* v. *Hyde*, 68 Miss., 45, which is precisely in point.

It is earnestly contended by the learned counsel for appellant, however, that if the view which we have taken of the invalidity of the tax sale of March 7, 1887, be the correct view, still that question was settled by a decree of the chancery court in the case entitled *Cordelia Jones et al.* v. *A. E. Randle et al.*, and that the record in that suit was improperly excluded by the court below upon the hearing of this cause below.

The facts, as we gather them from the transcript, on this point are that J. J. Beck, the appellee here, became sole complainant in the chancery proceeding, and obtained leave to amend the original bill, and did actually amend the bill so as to charge the invalidity of the tax title acquired under the sale of March 7, 1887; but this very important amendment was, by the chancery court, stricken out, on motion of his adversary's counsel.   With this vital question thus eliminated from the equity litigation, the bill of Beck, on demurrer thereto sustained, was dismissed.   On what one or more of the many grounds of demurrer the chancery court thought the bill bad, we find it unnecessary to inquire, for, whatever the views of

the chancellor as to the bill, and whatever the reasons for his action in sustaining the demurrer and in dismissing the bill, the invalidity of title under the tax sale of March 7, 1887, was not involved, because, in striking out of the bill the averment of this invalidity, that question neither was nor could have been adjudicated. The validity of the tax deed is here for the first time presented, and the court below properly excluded the chancery record when offered to show that this controversy was *res adjudicata.*

*Affirmed.*