PETER N. SCARBOROUGH *v.* FRANK W. ELMER ET AL.

[40 South. Rep., 69.]

TAXATION. *Tax sale. Void assessment. Equity.*

> An assessment made under an unconstitutional law (Laws 1888, ch. 9, p. 24) cannot support a tax sale, and a court of equity will cancel a tax deed made in pursuance of a sale not otherwise authorized.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Scarborough, the appellant, was complainant in the court below; Elmer and another, the appellees, were defendants there. From a decree denying the complainant the full relief sought by him, he appealed to the supreme court.

The bill sought the cancellation of a tax deed executed in pursuance of a sale for taxes made March 7, 1892, for the taxes of 1891. The assessment of lands upon which the sale rested was made under the act of 1888, commonly called the Madison act. Laws 1888, ch. 9, p. 24.

*Harper & Harper,* for appellant.

The learned chancellor refused to cancel the deed under a misapprehension that the facts in the case of *Butts* v. *Ricks,* 82 Miss., 533 (s.c., 34 South. Rep., 354), were similar to the facts in the case at bar. The case of *Butts* v. *Ricks* was decided under a private act of the legislature entitled "an act to authorize an assessment of land in Yazoo county, Mississippi, for the year 1888," and has no application to lands elsewhere or to the case at bar. Laws 1888, ch. 378, p. 463.

The case is directly within the principle announced in the case of *Coffee* v. *Coleman,* 85 Miss., 533 (s.c., 37 South. Rep., 499), in which Mr. Justice CALHOON says that "if it shall develop that

the assessment and sale were made under the Madison act, then, of course, the sale was under no assessment, and was void."

*W. H. Maybin,* for appellees.

An existing valid assessment of lands is not affected by the passage of an unconstitutional and void act of the legislature, purporting to provide for a new assessment, and cannot be said to have been abandoned merely because of another assessment having been made under a void law subsequently passed. *Butts* v. *Ricks,* 82 Miss., 533 (s.c., 34 South. Rep., 354).

Calhoon, J., delivered the opinion of the court.

Appellant's bill to cancel the tax collector's conveyance as a cloud should have been sustained.    The tax sale was on an assessment under the Madison act, approved March 8, 1888 (Laws 1888, ch. 9, p. 24), and was void.    *Hawkins* v. *Mangum,* 78 Miss., 97 (s.c., 28 South. Rep., 872).    The case of *Butts* v. *Ricks,* 82 Miss., 533 (s.c., 34 South. Rep., 354), is not in point.

*Reversed, and decree here for complainant for cancellation of the tax deed.*