William C. Eastland et al. *v.* Yazoo Delta Lumber Company.

[43 South., 956.]

Taxation. *Tax sale. Unconstitutional law. Code* 1880, § 539. *Code* 1892, § 2735. *Code* 1906, § 3095. *Statute of limitations.*

A tax sale based upon a pretended assessment, made under a statute violative of the constitution, is not aided by the three years' statute of limitations, Code 1880, § 539, Code 1892, § 2735, Code 1906, § 3095.

From the chancery court of Sunflower county.

Hon. Percy Bell, chancellor.

The Lumber company, the appellee, was complainant in the court below; Eastland and others, the appellants, were defendants there. From a decree in complainant's favor the defendants appealed to the supreme court. The object of the suit was to cancel appellant's claim to lands as a cloud upon appellee's title thereto.

The appellants claimed the land under a tax sale made March 7, 1892, fortified by actual occupation of the premises

for a period of more than three years, but less than ten. The question presented was whether the actual occupation, under the tax title in question, for three years, had the effect of vesting good title in appellants; the tax sale having been made for default in payment of taxes levied under the assessment roll of 1889, under the act of 1888 known as the "Madison act."

*Marvin H. Brown,* and *Joe H. Mize,* for appellants.

Sections 539, Code 1880, and 2735, Code 1892, were enacted to cover just such tax sales as this; sales where the land owners have been grossly negligent in every respect; where they have never made the least attempt to do any act in connection with the ownership of the lands so sold, for a period of years.

The act of legislature requiring the tax assessor to do certain duties in connection with the assessments made by him being void because of its unconstitutionality rendered the tax sale void, there is no question as to that, but the statutes invoked by appellants were enacted to cure such errors and defects.

The deliquency was real and not apparent; appellees do not claim that they ever paid any taxes or made any proof of payment; no steps to redeem were taken by them; absolutely nothing was done whereby the state's vendee, or the state, could ascertain whether appellees were at all interested in the land formerly owned by them.

In the case of *Hawkins* v. *Mangum,* 78 Miss., 97, s.c., 28 South., 872, the point of actual occupation for three years, after the period of redemption has passed, as prescribed by § 2735 of Code of 1892, was not made, or presented, and likewise in *Coffee* v. *Coleman,* 85 Miss., 14, s.c., 37 South., 499, and in *Scarborough* v. *Elmer,* 87 Miss., 508, s.c., 40 South., 69; therefore these cases are not in point.

It will not be denied that the state had the right to tax the land in controversy, and the fact that the legislature of the

state required the tax assessor to do an unconstitutional act should not prevent the curative statutes, here invoked, from saving appellants in this appeal and litigation.

In *McLemore* v. *Scales,* 68 Miss., 47, s.c., 8 South., 844, the learned judge, in speaking of the statutes here invoked, said: "It is a statute of limitations applicable alike to all sales of lands for taxes, and precluding any controversy, whatever may be the ground for assailing the title claimed by virtue of the sale. It is one of the several provisions of law designed to se-cure the rights of purchasers at sales for taxes, and thereby accomplish the double purpose to constrain owners of land to pay the taxes, and induce individuals to buy all land sold for taxes, so that the state shall not become the buyer. It should have effect according to its purpose."

In *Carlisle* v. *Yoder,* 69 Miss., 384, s.c., 12 South., 255, the learned judge went so far as to say: "An actual payment of the landowner of the taxes for which the sale was made would not serve to defeat the title of the occupant of land claimed under a tax sale, who has held possession for the period prescribed by the statute. The title becomes perfect by lapse of time, whatever its original infirmity may have been." The case brought to your notice is much stronger, no payment having been attempted by the owners.

In *Patterson* v. *Durfey,* 68 Miss., 779, s.c., 9 South., 354, the learned judge said: "A taxpayer may be in fact really delinquent, or he may be apparently delinquent. In either case, so far as the public can know, the delinquency is the same, and if not cleared up by proper action on the part of the apparent delinquent, the results may be the same, etc." This case is much stronger because the delinquent is real.

If we understand the ruling of this court upon the last cases cited for your consideration, viz.: *Carlisle* v. *Yoder,* 69 Miss., 384, s.c., 12 South., 255, and *Patterson* v. *Durfey,* 68 Miss., 779, s.c., 9 South., 354, they were overruled only that the statute invoked applies to lands actually subject to taxation and

therefore subject to sale for delinquency; and nowhere do we find appellees contending that the land in controversy was not liable to taxation, and taxable land, in the purview of the statute here invoked.

Sections 539 of the Code of 1880 and 2735 of the Code of 1892 bar any recovery by appellees "because of any defect in the sale of the land for taxes, or in any precedent step to the sale, etc." Under this statute it matters not whether the defect or precedent step be credited to the legislature, the tax assessor or the tax collector; the purpose is to make good the errors of all parties who serve to regulate or carry out the revenue systems of the state.

Section 3095 of the Code of 1906, which says that "This section shall not apply when the sale is absolutely void and not merely irregular and voidable" does not apply to this case, because the sale was not made when the statute was in force and was made under or rather during the life of the statutes pleaded in bar of appellee's right to recovery. This section and statute was passed some months after appellees filed their suit against appellants, and is not in our opinion capable of retroaction.

For the first time, we say, the statute of limitations which is prescribed in §§ 539 of Code of 1880 and 2735 of the Code of 1892 is invoked to support a title vested by virtue of a tax sale made under and by virtue of the assessment made in accordance with the unconstitutional Madison act, and appellants plead this statute and cite, in addition to the cases already cited and from which appellants have quoted the law, the following cases, viz.: *Pipes* v. *Farrar,* 64 Miss., 514, s.c., 1 South., 740, and *Brougher* v. *Stone,* 72 Miss., 647, s.c., 17 South., 509.

Appellants cite further *Hoskins* v. *Illinois, etc., R. R. Co.,* 78 Miss., 768, s.c., 29 South., 518, in which the learned judge who delivered the opinion said:—

"Section 2735 applies to sales of lands only that are taxable and salable, and in which there is some defect in the proceed-

ings relating to the assessment or sale, etc." Here the defect is in the assessment, it having been made in accordance with a statute enacted by the legislature, and afterwards adjudged to be unconstitutional. The fault is not with the tax assessor who discharged his duty under the statutes relating thereto, and likewise the fault is not with the tax collector who made the sale in accordance with the then existing law; the legislature was at fault in passing the unconstitutional Madison act.

In *Hoskins* v. *Illinois, etc., R. R. Co.,* cited above, the learned judge said further in explanation of the decision by the supreme court: "We place our decision upon the ground that the property is exempt from taxation by law, and all attempts to subject it to taxation are in fraud or in violation of law, are the acts of wrongdoers, and cannot give color for divesting the title of the owner for three years' actual occupation, under § 2735, Code 1892.

But this land in controversy was taxable and therefore subject to sale for delinquency; no exemption is pleaded or claimed by appellees.

*Baker & Moody,* for appellee.

[Counsel for appellee did not file a brief in this case but referred the court to their brief in another case, not now accessible to the Reporter, for a discussion of the questions here presented.]

WHITFIELD, C. J., delivered the opinion of the court.

The sale for taxes under review in this case was absolutely void, for the reason that the assessment was made under the Madison act, which act we have three times declared to be unconstitutional and void. See *Hawkins* v. *Mangum,* 78 Miss., 97, 28 South., 872; *Coffee* v. *Coleman,* 85 Miss., 14, 37 South., 499; *Scarborough* v. *Elmer,* 87 Miss., 508, 40 South., 69. In the first-named case this court speaking through Mr. Justice CALHOON, said, in response to the suggestion of error which insisted that the act of 1890 (Laws 1890, p. 19 *et seq.,* c. 6)

cured the sale, that that act "had no sort of application to a case where there was no assessment, that the act had and could have no reference to an assessment absolutely void because of an unconstitutional law," and finally said, with great clearness and emphasis: "This act cannot cure an unconstitutional law. It cannot apply, even if it could then be efficacious, to an assessment which was no assessment at all"—citing a long array of authorities, amongst them *Dingey* v. *Paxton,* 60 Miss., 1038, and *Thibodeaux* v. *State,* 69 Miss., 683, 13 South., 352. For the very same reason precisely § 539 of the Code of 1880 can have no application in the case at bar; for we have the identical assessment under review here that was under review in *Hawkins* v. *Mangum* and the two other cases referred to. No act of limitations passed by the legislature can have any application whatever to a tax sale void because the assessment was made under an act of the legislature which was itself unconstitutional.

All that is said in the brief about the right of the state to tax the land, and about any supposed distinction between the case at bar, whch is the *Mangum case* over, and the case of *Hoskins* v. *I. C. R. R. Co.,* 78 Miss., 768, 29 South., 518, 84 Am. St. Rep., 644, is quite beside the mark. We have, in the case of *Kennedy* v. *Sanders, post,* s.c., 43 South., 913, pointed out the principle of all these cases, and content ourselves now with the reference to the reasoning on this subject in that case. There can be no liability to taxation, no delinquency, no taxes due, and therefore no sale for taxes, where the land has never been assessed; and that is precisely what we held was the case in *Hawkins* v. *Mangum,* the counterpart of this case. It is certainly fortunate that the legislature, in adopting § 3095 of the Code of 1906, has declared that that section shall not apply when the sale is absolutely void; fortunate as the legislative declaration that the intent of the legislature never had been as misinterpreted in *Carlisle* v. *Yoder,* 69 Miss., 384, 12 South., 255; *Patterson* v. *Durfey,* 68 Miss., 779, 9 South., 354; and

*Brougher* v. *Stone,* 72 Miss., 647, 17 South., 509, that such a statute of limitations should cure a pretended sale for taxes when there never had been in truth and in fact any power to sell for taxes at all. That legislative provision was merely declaratory of what this court has already announced to have been the legislative intent in § 539 of the Code of 1880 and the other related statues of limitation.

*Affirmed, and remanded for an accounting.*