SONONA SEALS v. CALVIN PERKINS.

[51 South. 806.]

1. TAXATION. *Assessment roll. Delivery to supervisors.*

Where the assessor did not complete and deliver the land a~sess-
ment roll to the board of supervisors in the time prescribed by
law, the assessment is void.

2. SAME. *Tax sale. Wrong day. Void assessment.*

A sale for taxes is void, if made at a time not authorized by law,.
or if based on a void assessment.

3. SAME. *Same. Code 1892, § 3817. Not validated by failure to pay.*

A tax sale, void for want of power to sell, is not validated by Code·
1892, § 3817, providing that a tax sale shall not be invalidated ex-
cept by proof that the land was not liable to sale for the taxes or·
that the taxes had been paid before the sale.

4. SAME. *Tax sale in 1876. Validity. List of lands to state. Code*
1871, § 1698.

A tax sale of land to the state, made March 13, 1876, is void if the·
list of lands so. sold, under Code 1871, § 1698, does not show who·
the grantee was, since said Code section, in force at the time, re-·
quired the list to be made and filed and that it should be as per-·
fect as a conveyance.

5. SAME. *Limitation of actions. Code 1880, § 539. Code 1892, § 2735;.*
*Code 1906, § 3095.*

The statutes of limitations, Code 1880, § 539, Code 1892, § 2735, Code·
1906, § 3095, providing that actual occupation of land for three
years under a tax title, shall bar suits to invalidate the tax sales,
cannot cure a tax sale fundamentally and absolutely void for·
want of power to sell.

6. SAME. *Tax deed. Requisite of. Date of sale. Evidence.*

A tax deed showing a sale on the fifteenth day of a month, when·
the law required sales to be made on the first Monday thereof, is.
void, in the absence of evidence that sales were begun at the time·
fixed by law and continued from day to day until the day on.
which the sale was made.

**7.** SAME. *Period of redemption.  Deed to be kept on file.*
    Where a tax deed did not remain on file, as required by law, for the
    full period allowed for redemption from the tax sale, it will be
    ineffectual to invest the grantee therein with title..

FROM the chancery court of, first district, Bolivar county.
HON. MANUEL E. DENTON, Chancellor.

Perkins, appellee, was complainant in the court below; Mrs.
Seals, appellant, was defendant there.   From a decree in-com-
plainant's favor the defendant appealed to the supreme court.

The purpose of the suit was to confirm the complainant's
title to the lands in suit, and to cancel as clouds thereon the
several tax titles under which defendant claimed the lands.
The facts are sufficiently stated in the opinion of the court.

*Fontaine Jones; Coleman & McClurg* and *W. G. Hardee,* for
appellant.

The patent executed by the state, dated July 30, 1900,
vested in defendant all tax titles to the land held by the state
at the date of its issuance, and holding under the same defendant
claims title under three other distinct sales for taxes, as follows:
(1) under the sale of 1867 to the ten cent levee board; (2) un-
der the sale of 1876 to the state; and (3) under the sale of 1894
to the state.

We contend that the sale of 1867 to the board of levee com-
missioners of Bolivar, Washington, and Issaquena counties was
in all respects a valid sale and that the deed of the tax col-
lector to said board, introduced by defendant, vested an inde-
feasible title to the land in said board, as is held by this court
in the case of *Railway Co. v. Buford,* 73 Miss. 494.

In the instant case the title of the ten cent levee board to
the land in controversy passed to the state under the Act of
April 11, 1876 (Laws of 1876, p. 166), and again passed to
defendant under the patent of July 30, 1900.

The *Buford case* is exactly similar and may be said to be
upon "all fours" with the case under consideration, and re-

solves all contentions in respect to the ten cent title in favor of defendant.

In that case, as in the present case, the sale to the ten cent levee board was evidenced by a deed from the tax collector to the treasurer of the board, pursuant to a sale of the land for delinquent levee board taxes on the 15th day of April, 1867.

The statement of facts in the *Buford case* shows that the railway company in its answer set up the identical tax titles relied upon by complainant (appellee), i. e., a sale to the liquidating levee board not evidenced by a deed; the deed from Gibbs & Hemingway, Commissioners, and averred acquisition of title through a sale under the abatement act. The complainant Buford asserted title under the auditor's deed pursuant to Code 1880, § 581, and thereunder claimed to be the owner of the ten cent levee board which he avers passed to the state under the Act of April 11, 1876, as the defendant in this case claims to be the owned of the ten cent levee board title, and this court in its opinion sustained practically all of Buford's contentions and decided the case in his favor, which decision is decisive of this case, and, in our view, makes it unnecessary to present any additional argument or authorities.

However, it is proper to remark that the several tax sales shown in the record, to wit, in 1867 to the ten cent levee board and in 1876 and 1894 to the state, show that complainant did not continuously pay the taxes upon the land, and consequently is entitled to no consideration from the court, as original owner or otherwise, as having paid all taxes upon the land.

In conclusion, we contend that if appellant's title rested solely upon the deed of April 15, 1867, to the ten cent levee board, under *Railway Co. v. Buford,* 73 Miss. 384, a parallel case in every particular, the decree of the lower court should be vacated and annulled.

Ever since 1895, the date of its promulgation, this celebrated decision has been acquiesced in and relied upon by the bar of

the Delta, and especially by that of Bolivar county, in which county the title to approximately 200,000 acres of land is bottomed upon this title, and we respectfully submit that the decision was entirely correct when rendered, and should be reaffirmed in the instant case.

It is now over forty years since the sale to the levee board, and to require specific proof of the adjournment of the sale from day to day, would be imposing at this late day a requirement utterly impossible to meet, but if a witness could be found hardy enough to attempt to swear to the date and hour of transactions of this nature, after such a long flight of time, it is extremely doubtful if any one so credulous as to believe him could be found, much less a court of justice, familiar with the frailties of human nature, and, better than all others, supposed to know and value the limits of human memory.

*Calvin Perkins, in propria personae.*

A document offered by the appellant and excluded was an alleged copy of a recorded list of lands (as to the land in suit) sold by the collector on and after March 13, 1876, for taxes for the year 1875. There was no error in excluding the alleged copy.

The recorded list failed to show that the alleged tax sale of the land to the state on March 13, 1876, was made to the state or to any one else. Neither the caption, nor the body of the list, nor the certificate of the collector, showed to whom the alleged sale was made. No purchaser or grantee was mentioned. The list therefore did not conform to the requirements of the law (Code 1871, § 1698) and was absolutely void, and the alleged sale to the state was therefore a nullity—no sale at all.

There can be no tax sale of land to the state without the list required by the statute. Such list is the deed to the state, and without it no title passes. A deed which fails to desig-

nate the grantee is as much a nullity as one which fails to designate the land conveyed. 9 Am. & Eng. Ency. of Law, 132.

The recorded list not only failed to show any tax sale of the land to the state for the reason above given, but it also showed that the alleged sale was not made at the time prescribed by law. The certificate of the collector shows that the lands designated in the list were sold on and after the 13th day of March, 1876, and the caption shows that the lands were sold on and after the 13th of March, 1876, and prior to the first of April, 1876, and the list does not show an adjournment of the sale from day to day. The recorded list also shows that a great many tracts of land were attempted to be sold and were embraced in the list, but it does not show the particular day on which any of the lands were sold.

The certificate of the collector to the recorded list above mentioned does not show on what day the certificate was made; nor does it otherwise appear when the list was made, but the certificate of the chancery clerk as to the filing and recording of the list shows that the list was filed with the clerk on the 8th day of April, 1876. The list, therefore, was not filed at the time required by law. It was required to be filed for the benefit of the owner, so that he might have the whole period of redemption in which to exercise his vested right to redeem. For a part of the time, therefore, during which the owner had the right to redeem the land he was deprived of this right, because no list was filed with the clerk. The list was therefore "not dealt with as required by law," a matter "essential to its validity," and both the list and the alleged sale were thereby rendered null and void. *Adams v. Mills,* 71 Miss. 150; *Day v. Smith,* 87 Miss. 395, 405, 39 South. 526; *Creegan v. Hyman,* 93 Miss. 482, 46 South. 952; *Vassar v. George,* 47 Miss. 729.

The attempted sale of the lands for taxes in March, 1876,

was not cured or validated by Code 1871, § 1709, because it was absolutely void and of no effect by reason of the following fundamental and incurable defects, to-wit:

When a tax sale to the state is claimed and it is not properly shown "that the state became the buyer" at the sale, the alleged sale is absolutely void, and is not cured or validated by section 1709, or the other curative acts. *Bennett v. Chaffe,* 69 Miss. 279; *Pearce v. Perkins,* 70 Miss. 276.

Where a tax sale of land is claimed and the tax sales list, or deed, shows that the alleged sale was made on a day other than that prescribed by law, or fails to show a sale on a properly adjourned day of a sale begun on the day prescribed by law, the attempted sale is made without power or authority, and contrary to law, and is absolutely and fundamentally void, and is not cured or validated by any of the curative acts. *Kennedy v. Sanders,* 90 Miss. 524, and *McLemore v. Anderson,* 92 Miss. 42, 43 South. 878.

Where a tax sale of land is claimed, and the tax sales list has not been "dealt with as required by law," as where it has not been filed as required by law, or is not kept on file during all the time required by law, the sale is absolutely void, and is not cured or validated by Code 1871, § 1709. *Bank v. Railway Co.,* 72 Miss. 447; *Creegan v. Hyman,* 93 Miss. 482; 46 South. 952; *Vassar v. George,* 47 Miss. 729; *Adams v. Mills,* 71 Miss. 150; *Day v. Smith,* 87 Miss. 395, 39 South. 526.

Where a tax sale of land is claimed and the tax sales list is not such a list as is "prescribed by the statute," as where it does not describe the land attempted to be sold, or is not certified, the attempted sale is absolutely void, and is not cured or validated by Code 1871, § 1709. *Pearce v. Perkins,* 70 Miss. 276; *Bank v. Railway Co.,* 72 Miss. 447.

It is contended, however, by the appellant that a tax sale of land to the ten cent levee board on April 15th, 1867, was sustained in the case of *Railway Co. v. Buford,* 73 Miss. 494, and

that the decision in that case must control the present case, and cause the alleged sale to the ten cent levee board involved herein to be held valid, although not made at the time prescribed by law. This contention is manifestly not good for the following reasons: In *Railway Co. v. Buford,* it was not shown to the court or called to its attention that the sale in that case was made on a day not prescribed by law; the validity of the sale was not questioned; the complainant claimed title under the sale by virtue of the act of April 11, 1876, and the state's conveyance to Charles Scott on March 12, 1883; the defendant did not attack the validity of the sale to the ten cent levee board on any grounds, but attacked the validity of the state's conveyance to Charles Scott on March 12, 1883, and set up title in itself by virtue of the act of April 11, 1876, and the state's conveyance to it on the 23rd day of May, 1888, under act of 1888; it was assumed by all the parties and by the court that the sale to the ten cent levee board on April 15, 1867, vested title in that board, and the question decided was whether this title passed to Charles Scott under the prior conveyance of the state to him on March 12, 1883, or to the defendant under the subsequent conveyance of the state to it on May 23, 1888, and the court held that the prior conveyance of the state to Scott was valid and carried the uncontroverted ten cent levee board title. It is manifest that no question as to the invalidity of the sale on the 15th of April, 1867, because not made on a day prescribed by law, was in that case raised by the parties, or considered, or decided, by the court. If such question had been decided as now claimed by the appellant, the court would have overruled the numerous prior decisions to the contrary subsequently followed with approved in *McLemore v. Anderson,* and *Kennedy v. Sanders, supra.* The decision in the *Buford case* is not, therefore, in point as to the question now raised, and cannot affect or control its decision, but if the decision in the *Buford case* was such as is contended by the appellant,

it has manifestly been overruled by the subsequent cases of *McLemore v. Anderson* and *Kennedy v. Sanders, supra,* holding that a tax sale made on a day not prescribed by law is absolutely void, and approving the prior cases to the same effect.

Manifestly the principle of *res adjudicata* cannot be held to be applicable. *Creegan v. Hyman,* 93 Miss. 481, 46 South. 952.

Argued orally by *Fontaine Jones* for appellant, and by *George Winston* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

A very careful and protracted examination of this record, which has been under consideration for many months, and twice orally argued, has thoroughly satisfied us of the soundness of appellee's title, unless it has been divested by the tax sales under which the appellant claims. The appellant sets up three claims:

First. That she has the title by virtue of an alleged sale to the state on July 2, 1894. This sale was absolutely void, because, first, the assessment was a nullity. The two orders of the board of supervisors relating to this roll show that the roll was completed by the assessor and delivered to the clerk of the board on the 5th of September, 1892, and approved on the 8th of September, 1892. This assessment was utterly void. *McGuire v. Union Co.,* 76 Miss. 868, 25 South. 367; *Brothers v. Beck,* 75 Miss. 482, 22 South. 944; *Bennett v. Maxwell,* 82 Miss. 70, 34 South. 226. The contention of the appellant that the five cent acreage levee tax on this land was due when the land was sold on July 2, 1894, and was not paid or tendered to the collector before the sale, and that therefore the sale was validated, under section 3817, Code 1892, is unavailing. The sale was made at a time not authorized by

law. *McLemore v. Anderson,* 92 Miss. 42, 43 South. 878, 47 South. 801; *Kennedy v. Sanders,* 90 Miss. 524, 43 South. 913; *Mayer v. Peebles,* 58 Miss. 628. As stated this sale was also void because the assessment was a nullity. Since the sale was fundamentally and utterly void, for want of power to sell, section 3817, Code 1892, does not validate it by reason of failure to pay the five cent acreage levee tax. *Davis v. Vanarsdale,* 59 Miss. 367; *Nelson v. Abernathy,* 74 Miss. 165, 21 South. 150; *Virden v. Bowers,* 55 Miss. 1.

The contention that the tax sale of July 2, 1894, was validated by this section 3817, Code 1892, because the five cent levee tax was due and not paid or tendered, is unsound for the further reason that that contention assumes that the alleged sale of the land for the acreage levee tax on July 2, 1894, had nothing to do with the void assessment roll of 1892, because the land was assessed for this tax by the act of March 30, 1892. This assumption is not warranted. The constitution of 1890 (section 236) required the legislature to levy this specific acreage levee tax, and required that it should be assessed on the same assessment roll as the *ad valorem* taxes for levee purposes, and that it should be paid at the same time with the latter, and to effectuate this constitutional provision the legislature passed the act of March 30, 1892 (Laws 1892, p. 51). This act levied an annual acreage levee tax of five cents on every acre of land in the Mississippi Delta district. It also levied an annual uniform *ad valorem* levee tax of five mills on the assessed value of all property, real and personal, in said levee district, "as the same shall appear upon the assessment rolls;" that is, the regular assessment rolls of the counties in the district. The act required the acreage and *ad valorem* levee taxes levied by it "to be collected in the same manner and at the same time as state and county taxes," and also required lands delinquent for such acreage and *ad valorem* taxes "to be sold

in the same manner and at the same time and under the same terms and conditions as lands delinquent for state and county taxes," and also required the auditor, "upon the redemption or purchase of said lands from him, to collect said levee taxes and all that may have accrued thereon, with interest and damages as upon state damages." These provisions make it manifest that the acreage levee taxes were to be assessed on the regular land rolls, and, construing the constitutional provision and the provisions of the act together, it is manifest that the assumption above referred to is unwarranted. *Mullins v. Shaw,* 77 Miss. 900, 27 South. 602, 28 South. 958. The first claim of appellant is therefore unsound.

Appellant's second claim is rested upon a sale for taxes on and after March 13, 1876, for the taxes of the year 1875. There is nothing in the copied list of land sold on and after March 13, 1876, to show who the grantee in the list was. This list must be perfect as a conveyance, under the law in force at that time (section 1698, Rev. Code 1871). *Bennett v. Chaffe,* 69 Miss. 279, 13 South. 731; *Bank v. Railway Co.,* 72 Miss. 447, 17 South. 7. Again, this recorded list, as shown by both of the copies in the record, not only fails to show any sale of tax land to the state as the grantee, but it also shows that the alleged sale was not made at the time prescribed by law. For this reason this claim is unsound. None of the statutes of limitation invoked, as we have repeatedly held, can have any effect to cure a sale fundamentally and absolutely void for want of power to sell.

The third claim of the appellant is that she got a valid title through a tax sale of the land in question on April 15, 1867, to the ten cent levee board. She claims that this title passed to the state under this sale under the act of April 11, 1876, and then passed to her under a tax patent from the state to her July 30, 1900. But this sale was absolutely void, because it

was made on the wrong day; and, furthermore, whatever title, if any, passed by the alleged tax sale, also passed prior to the tax patent to appellee of July 30, 1900, to those under whom the appellee claims, by the deed to them for the land executed on May 30, 1900, by the ten cent levee board under its new name of the "Board of Mississippi Levee Commissioners," and its treasurer, from which it necessarily followed that on July 30, 1900, the date of the patent to the appellant, the state had already been divested of its title, and did not then own this land, and had no power at that time to convey to the appellant by the tax patent any title which may have passed to the ten cent levee board under the alleged tax sale. This tax deed shows on its face that the alleged tax sale was made on April 15, 1867. The law required the sale to be made on the second Monday of April, 1867—the 8th day of April. The deed does not show that the sale was made on the 15th of April in pursuance of a tax sale begun on the 8th of April, and continued or adjourned from day to day until the 15th of April, as required by law. There was no evidence of any kind to this effect. *McLemore v. Anderson,* 92 Miss. 42, 43 South. 878, 47 South. 801; *Kennedy v. Sanders,* 90 Miss. 524, 43 South. 913, and authorities cited therein.

Great reliance is placed by the appellant on the case of *Railway Co. v. Buford,* 73 Miss. 494, 19 South. 584; it being insisted that that case is on all fours with this case, and decisive of the validity of the appellant's title. This is a complete misconception of the scope and effect of that case. In that case both the complainant and defendant claimed title under the sale to the ten cent levee board, and as neither cared to show that that sale was made, as in fact it was, on the wrong date, both parties to the litigation assumed the title to be valid in so far as the day was concerned, and made their contentions upon wholly different grounds. The validity of the sale to the ten cent levee

board was not questioned in that case by either party, since both were equally afraid of the fact that it was made on the wrong day, and both claimed from the same worthless source of title. In other words, neither party in that litigation once referred to the fact that the sale was made on the wrong day. The validity of that sale was not brought in question, but, on the contrary, was agreed to by both parties, and both traced title from that sale. This being so, the validity of that sale was not presented to the court at all and, of course, was not considered or decided by the court, with reference to the point here made that it was void, because of having been made on the wrong day. None of the statutes of limitation invoked are of any avail, as before stated. See the two cases as hereinbefore referred to, and also *Eastland v. Lumber Company*, 90 Miss. 330, 43 South. 956. It also appears that for eighteen days of the time for redemption this deed was not filed with the clerk, as required by law. There was, therefore, lacking from the period of redemption the space of eighteen days during which it should have remained on file with the clerk for redemption. This also made the sale void. *Bank v. Railway Co.*, 72 Miss. 447, 17 South. 7; *Adams v. Mills*, 71 Miss. 150, 14 South. 462; *Eastland v. Lumber Co.*, 90 Miss. 330, 43 South. 956; *Day v. Smith*, 87 Miss. 395, 39 South. 526. No question as to the filing of the tax deed to the ten cent levee board was involved in *Railway Co. v. Buford*, 73 Miss. 494, 19 South. 584. No question of that sort was made, discussed, or decided in that case. The sale was not attacked on that ground, or on any other ground; both parties to the litigation tracing to it, and assuming the sale to be valid. The third claim of title on the part of complainant is therefore absolutely unsound.

A great many other answers to the objections made by the learned counsel for appellant are stressed by the learned counsel for appellee. Preferring to decide nothing but the matters ex-

pressly herein determined, and upon the grounds only which are named, we rest the cause here.

The result is that the decree of the court below is *affirmed.*

MAYES, J., and SMITH, J., united in the following specially concurring opinion.

We concur in the result reached in this case, but do not concur in the reasons given therefor in the opinion of the chief justice.