F. M. BROUGHER ET AL. v. S. C. STONE.

1. TAX TITLE. *Three years' occupancy. Defects cured.* Code 1880, § 539.

   Where land subject to taxation is sold to the state for taxes, and a
   purchaser from the state occupies the same under his purchase for
   more than three years, after one year from the time of sale for
   taxes, his title, under § 539, code 1880, becomes unassailable, al-
   though the sale was made on the wrong day and under a law (in
   this case the abatement act of 1875) not applicable.

2. SAME. *Contiguous tracts. Constructive possession.*

   In such case, where there is a suit involving the purchaser's title to
   contiguous lots in a section, embraced in the same deed from the
   state, and it is agreed that he has continuously occupied one of the
   lots for more than four years, paying taxes on both, there being no
   evidence as to possession of the other lot, his occupancy of one lot
   under the deed embracing both, will carry with it, as a legal con-
   sequence, the possession of the other lot, and his title to both will
   be protected by the lapse of time.

FROM the chancery court of Quitman county.

HON. W. R. TRIGG, Chancellor.

The bill in this case was filed by appellants in 1890 to cancel
a tax title of appellee to lots 5 and 11, section 35, and other
land described in the bill.    At the hearing a written agreement
was read, stating that the defendant, Stone, had held actual ad-
verse possession of lot 5 for more than three years next before
the commencement of the suit, under his deed from the state,
dated April 21, 1881.    There was no testimony whatever as
to the possession of the other land.    All the land was sold to
the state, under the abatement act, in May, 1875, for the unpaid
levee taxes due thereon for the year 1874.    This was illegal.
The law provided for sale under the abatement act only of lands
held or claimed for taxes prior to 1874.    The opinion contains
a further statement of the case.    From a decree dismissing the
bill complainants appeal.    Section 539, code 1880, provides

that: "Actual occupation for three years after one year from the day of sale of any land held under a conveyance by a tax collector, in pursuance of a sale for taxes, shall bar any suit to recover such land, or assail such title, because of any defect in the sale of such land for taxes, or in any precedent step to said sale, saving to minors," etc.

*J. W. & W. D. Cutrer*, for appellants.

1. There can be no controversy as to the invalidity of the title acquired under a sale for the unpaid taxes of 1874 in May, 1875, by virtue of the abatement act. *Gamble* v. *Witty*, 55 Miss., 26; *Dingey* v. *Paxton*, 60 *Ib.*, 1038; *Sigman* v. *Lundy*, 66 *Ib.*, 522.

2. The defense, resting upon the three years' occupation, is, by agreement, expressly limited to lot 5. The burden of showing such occupation rested upon the defendant, and there was no proof as to this except by the terms of the agreement, which applies only to lot 5. This agreement necessarily excludes the idea that the occupation extended to the other land. The expression of one thing is the exclusion of others. In the absence of proof, the presumptions of possession are always with the legal title.

3. The court cannot take judicial notice of the location of lots in a section. Their location on streams is irregular, and they vary in size.

4. Even if the levee taxes of 1874 were due, the lands should have been sold and conveyed to the levee board, and not included in a list of land sold to the state. Laws 1858, p. 33; Laws 1867, p. 246; Laws 1873, p. 150.

5. The lands were not of a class to be sold under the abatement act, and, for this reason, the sale is void. The three years' occupation will not benefit a party holding a tax title to lands unlawfully sold to the state under the abatement act. This limitation was intended to cure defective titles and not void ones. It was not intended to dispense with a valid assess-

ment and levy. Without these constitutional prerequisites, a tax sale is void. *Virden* v. *Bowers*, 55 Miss., 1. This is the clear inference to be drawn, also, from the opinion in *Jonas* v. *Flanniken*, 69 Miss., 577. The views we contend for are not in conflict with the opinion in *Patterson* v. *Durfey*, 68 Miss., 779, the defect in the tax deed in that case being only an irregularity in the assessment. Here there is no delinquency shown in the payment of taxes prior to 1874. There was no claim of title by the state under any sale, good or bad.

6. There is not sufficient evidence that the land was sold to the state in May, 1875, or at any time. The deed from the auditor is not alone sufficient; there must be shown a duly certified list of lands sold to the state. There is no duly certified list in evidence in this case.

7. The receipts in evidence show that all state and county taxes for 1874 were paid, and the sale was attempted to be made to the state for the nonpayment of levee taxes only. This was illegal. Sales to the levee board were to be evidenced by deed, and no sale was authorized to be made to the state for default in payment of levee taxes only. On this point we refer to *Clay* v. *Moore*, 65 Miss., 81; *Patterson* v. *Durfey*, 68 *Ib.*, 779; *Bennett* v. *Chaffe*, 69 *Ib.*, 279.

*F. A. Montgomery* and *Brame & Alexander*, for appellee.

1. Defendant's actual occupancy of lot 5 for more than three years after one year from the date of sale, is an absolute bar to complainants' right to recover as to that lot. Code 1880, § 539. In *Metcalfe* v. *Perry*, 66 Miss., 68, it was held that proof of payment of taxes vitiated a tax title, notwithstanding section 7 of the act of 1860, and the lapse of five years after a sale thereunder. But that act, unlike § 539, code 1880, did not provide for possession in connection with the lapse of time after acquirement of the tax title. Under the code, the right to hold land depends upon the possession and the lapse of time thereunder, and not upon the validity of the original title. If

this was absolutely void, or even if the taxes had been paid, the title is cured by the possession. *Patterson* v. *Durfey*, 68 Miss., 779; *Jonas* v. *Flanniken*, 69 *Ib.*, 577. This is true, even if the land was held by the levee board and was not originally subject to sale for taxes. *Carlisle* v. *Yoder*, 69 Miss., 384.

2. Lots 5 and 11 were embraced in the same deed from the auditor, and the possession of one carried possession of both. The lots were contiguous, and defendant paid taxes on both. 37 Miss., 155; *Ryan* v. *Railway Co.*, 62 *Ib.*, 162.

3. The court takes judicial notice of the government survey, which shows that the lots are contiguous. *Houghton* v. *Sartor*, 71 Miss., 357.

Argued orally by *J. W. Cutrer*, for appellants.

Woods, J., delivered the opinion of the court.

The appellants exhibited their bill in the chancery court of Quitman county against appellee, and several others, averring their ownership of lots 5 and 11, section 35, township 28, range 2, as well as other lands, not necessary to be described by us, and prayed cancellation of all claims to the lands set up by the defendant and others, as clouds upon their title. The defendant answered, denying that complainants had title to lots 5 and 11 (and other parcels claimed by him), and set up title in himself under various tax conveyances. The bar of three years of § 539, code 1880, was also pleaded by the defendant.

The bill, as we gather from the utterly unsatisfactory record, was dismissed by complainants as to all parties defendant, except appellee. It was by them dismissed as to one of the parcels of land claimed by appellee. Touching lots 5 and 11, section 35, there is the written agreement of the parties that, S. C. Stone, the appellee, had actual adverse possession and occupation of said lot 5 for more than three years next before the commencement of the suit, under his deed made by the auditor on April 21, 1881, which, by the agreement, was made

evidence.    This conveyance embraces also lot 11.    From this deed, and from the sales lists of the tax collector, it appears that these two lots, 5 and 11, were sold by the tax collector in May, 1875, to the state for the unpaid levee taxes due on them for the year 1874.    Conceding the utter invalidity of such sale, it is nevertheless true that the lands were salable— subject to sale—because of the delinquency of the owners in nonpayment of taxes due thereon, and there was an actual sale to the state by the proper officer, but on the wrong day and under a law not applicable to these lands.    Six years later appellee purchased from the state, and obtained the auditor's deed, which was promptly put on record in the proper county, and from that time until the trial was had the appellee has paid all taxes on the lands.    It is agreed, we have seen, that under his auditor's deed of 1881, appellee had been in the adverse possession and actual occupation of the lot 5 for more than three years next before the commencement of the suit.    His title to lot 5 has become unassailable under § 539, code 1880.

It will be remembered lot 11 was conveyed with lot 5 in the same deed from the auditor.    The two lots are contiguous, and it follows that appellee's possession of 5 carried with it, as a legal consequence, possession of 11 also, and appellee was therefore entitled to the decree in his favor as to both of these lots.

Except to the extent we have gone, we have been unable, from careful examination of this fragmentary, obscure, and most imperfect record, to determine anything with safety, and we shall therefore affirm the decree of the court below in dismissing the bill as to lots 5 and 11, section 35, township 28, range 2, and reverse as to the other lands, to the end that the parties may, if desired, take such further action as shall seem to them proper.

*Reversed in part.*