EDWARD S. BUTTS *v.* FRANCES J. RICKS.

1. TAXATION. *Assessment.  Unconstitutional act of legislature.  Abandonment.*

   An existing valid assessment of land is not affected by the passage of an unconstitutional and void act of the legislature purporting to provide for a new assessment, and cannot be said to have been abandoned.

2. TAX TITLE. *Statute of limitations.  Code* 1892, §2635.

   Where the purchaser of land at a tax sale went into the actual possession of the land after the expiration of the time allowed for redemption, and remained in such possession for three years, claiming under his tax deed, a suit to recover the land because of defects in the tax sale or any step leading to the sale is barred, under Code 1892, § 2735, so providing.

3. SAME. *Possession of part extended to whole tract.  Navigable stream.*

   The fact that a body of land is divided by a navigable stream and the part actually occupied lies entirely on one side of the same will not of itself prevent the application of the doctrine that the actual occupation of a part of a tract by one, claiming under a deed, will be referred to all the lands conveyed by the deed.

FROM the chancery court of Yazoo county.

HON. HENRY C. CONN, Chancellor.

Butts, appellant, was complainant, and Mrs. Ricks, appellee, was defendant, in the court below.

Complainant, by his bill of complaint, alleged that he was owner of certain lands described in the bill, but that defendant was in possession thereof, and had been for over three years, claiming under a tax deed dated March 2, 1891; that said tax deed had been executed by the tax collector in pursuance of an attempted sale of the land for taxes alleged to be due thereon for the year 1890; but that said sale was void because there was no assessment for 1890, but the tax collector in making the sale

acted under the assessment of 1889, which was made as directed by the act of 1888, Laws 1888, pp. 24-27, which was unconstitutional, and had been so adjudged by the supreme court. See *Hawkins* v. *Mangum*, 78 Miss., 97. Appellant filed with his bill an abstract of title, which showed that he was the owner of the lands, unless appellee had acquired title by her tax deed and occupancy. Complainant prayed for the cancellation of the tax deed. Defendant relied on the following defenses: That the sale of March, 1891, under which she claims, was not made under the assessment of 1889, but the assessment of 1888, as provided by a local act of the legislature entitled "An act to authorize the assessment of land in Yazoo county for the year 1888" (Laws 1888, p. 463, c. 378); that she had actually occupied the land for three years since the expiration of the period of redemption; and that the three-years statute of limitations (section 2735, Code 1892) was a bar to the suit. To the first of these defenses complainant insisted that the board of supervisors and the tax collector had abandoned the assessment of 1888, and that the sale was actually made under the assessment of 1889. The Yazoo river runs through this tract of land, and only a small portion of it is on one side of the river, the remaining portion being on the opposite side of the stream, the same being a navigable stream lying wholly in this state. Defendant was in actual possession of the smaller portion. It was contended by complainant that the two parts of the land were not contiguous, even if section 2735, Code 1892, did apply. The court below decreed in favor of defendant, and complainant appealed to the supreme court.

*Edwin R. Holmes,* for appellant.

In regard to the argument that there had been no abandonment of the assessment of 1888 by the board of supervisors or the tax collector because of the act (Laws 1888, p, 24), commonly called the Madison act, was unconstitutional and void,

and that therefore all the acts of the board and the tax collector under the assessment of 1889 were insufficient to work an abandonment of the 1888 assessment, and that the 1888 assessment was still in force in 1890, it may be confidently affirmed that there was a *de facto* abandonment. Both the board and the tax collector acted in good faith under the Madison act, and that act, although unconstitutional, was sufficient authority to them to abandon the 1888 assessment, since it had not then been pronounced unconstitutional by the courts. In other words, since the tax collector was a mere ministerial officer, it was his duty to act under the assessment of 1889, made under the Madison act, and to abandon the assessment of 1888, since the Madison act was valid on its face and had never been judicially declared unconstitutional. In the case of *Railroad* v. *West,* 78 Miss., 789, 811, this court said: "Besides, the sheriff is a mere ministerial officer, both as sheriff and as tax collector. It could not be expected of him to construe a statute expressly granting an exemption and determining judicially, as the court would, whether an exemption was constitutional or not, it never having been contemplated that a mere ministerial tax collector should undertake the tremendous responsibility involved in such exercise of judicial functions. He might well plead, as a good and sufficient excuse for not selling the property of this railroad, that he found an express statute granting an exemption upon conditions, which conditions had been complied with by making the required affidavits. *Whether the express statute violated the supreme law of the land—the state constitution—conformity to which is essential to the validity of every legislative act, was a solemn judicial question for the courts to determine in a suit* which he could not, and which the revenue agent could, institute for that purpose." Citing Cooley on Tax (2d ed.), 710; *Wiley* v. *Sinkley,* 179 U. S., 66; *Mayson* v. *Mo.,* 179 U. S., 333; *Mechem on Public Officers,* sec. 523. Also in *Revenue Agent* v. *Stonewall Mills,* 80 Miss., on page

113, this court said: "As held in *Railroad Co.* v. *West, supra,* it was not the duty of the tax collector, acting in a mere ministerial capacity, to pass upon the validity of the exemption claimed, either under the statute or the *constitution.* This is a judicial question."

The Madison act, valid on its face, was sufficient to authorize the tax collector to abandon the assessment of 1888, and whether authorized or not both the tax collector and the board of supervisors actually did abandon the 1888 assessment and approved and adopted the assessment made under the Madison act, but even if the assessment of 1888 was still in force, this sale did not take place under it.

As to the three-years statute of limitations, the learned chancellor below held it applicable to this sale, which he held at the same time to have taken place under the assessment of 1889, and void. His idea was that no assessment was necessary to constitute the tax payer debtor to the state, that an assessment was a mere adjudication of the *amount due,* and that there was an unliquidated sum due without any assessment at all, and that wherever taxes were due, the three-years statute applies. In this he was in error. "The essential things which create authority in the tax collector to collect the taxes by sale are: a legal assessment (that constitutes the owner of the property debtor to the state); and, second, etc." *Virden* v. *Bowers,* 55 Miss., 1; *Wolfe* v. *Murphy,* 60 Miss., 1. Now it is true, as held in *Waterworks Co.* v. *Supply Co.,* 80 Miss., 68, that taxes operate as lien upon property before the *levy* is made, the levy merely fixing the amount due, but not so as to an assessment. The land is not bound for the taxes until there is an assessment, and a constitutional assessment. Code 1892, § 3746. Even a tender is unnecessary if there has been no valid assessment. *David* v. *Vanarsdale,* 59 Miss., 367.

*Barnett & Perrin,* for appellee.

The law of 1888, commonly called "the Madison Act," being

unconstitutional because land could not be assessed as therein provided, the entire act and all of its provisions became **void.** A law can, in a proper case, be held valid in part and invalid in other respects, but the court can never separate the good from the bad where the purpose of the legislature should thereby be defeated; where one provision is dependent upon another. *Gibbs* v. *Fant,* 54 Miss., 396; *Black on Int. of Laws,* 96.

The act cannot be rejected to defeat appellees' title and upheld to work a legislative abandonment of the assessment of 1888. It is certain that the assessment of 1888 would not have been interferred with by the legislature unless that body had believed the Madison act was constitutional in all other respects. It was not the purpose of the legislature to abandon all assessments and leave the state with none. If, then, the assessment of 1888 was not abandoned by the legislature in its enactment of the Madison act, it vitally remained unimpaired. Neither the boards of supervisors nor the tax collectors can abondon an assessment without legislative authority.

If, however, the court should be of the opinion that the tax sale was not made under the assessment of 1888, appellee's title under the tax sale was perfected by the three years' possession. There was a valid assessment of the land, it was subject to assessment, it was subject to sale, there was a valid levy; taxes were due thereon and no payment or tender was made, and it was sold by the proper officer. *Brougher* v. *Stone,* 72 Miss., 647; *McLemore* v. *Scales,* 68 Miss., 47; *Hoskins* v. *Railroad,* 78 Miss., 768.

The last case cited overrules *Patterson* v. *Durfey,* 68 Miss., 779, and *Carlisle* v. *Yoder,* 69 Miss., 384, only in so far as those cases held that title to lands not assessable could be acquired by tax sale.

PRICE, J., delivered the opinion of the court.

There was a valid existing assessment on the land under the

act of 1888 (Laws 1888, p. 463, c. 378), and an unconstitutional and void act of the legislature could not work a legislative abandonment. The land was owned by private individuals, and subject to taxation. The taxes were not paid on the land, and in 1900 the tax collector advertised and sold the land for unpaid taxes of 1899, and executed to the purchaser a conveyance in pursuance of such sale for taxes. The purchaser at the tax sale after two years—the time allowed for redemption—went into actual possession of the land, and he, or those holding under him, have since occupied it. Under section 2735, Code 1892, such a title, with such holding, stands as a bar to appellant's right of recovery. Actual possession of a portion of the land under the facts and the calls of the deed was possession of the whole tract.

*Affirmed.*