CHAS. C. COFFEE *v.* SAMUEL S. COLEMAN ET AL.

TAX TITLES. *Confirmation. Pleadings. Presumption.*

> Where a bill for confirmation of a tax title alleges a valid sale of
> the land for taxes and exhibits as part thereof a tax deed in stat-
> utory form, which under the law is *prima facie* evidence of the
> validity of the assessment and sale, it cannot be assumed on
> • demurrer that the assessment was made under the unconstitu-
> tional act of 1888 (Laws, p. 24) because the tax deed recites that
> the sale was for the taxes assessed for the year 1890.

FROM the chancery court of Lauderdale county.
HON. STONE DEAVOURS, Chancellor.

*F. V. Brahan*, for the appellant.

*Williamson & Gilbert*, for the appellees.

CALHOON, J., delivered the opinion of the court.

The bill is to confirm a tax title, is good on its face, and exhibits, as part of it, two conveyances from the tax collector which are in statutory form, and are by law *prima facie* evidence of the validity of the assessment and sale. Code 1892, §§ 1806, 3817. We are not favored with any brief for appellee, but suppose the demurrer was argued and sustained on the ground that, because the tax conveyances recite that the assessment was for the year 1890, the court had to assume that it was made under the act of March 8, 1888 (Laws 1888, p. 24, ch. 9), commonly known as the "Madison act," which was declared by this court to be absolutely void for unconstitutionality in the case of *Hawkins* v. *Mangum*, 78 Miss., 97 (28 South., 872). This assumption is not necessarily to be made on a demurrer to a bill charging a valid assessment under the recitals in the conveyances before us. It may be that the void act was ignored, and that the county authorities had a valid assessment made under the then existing valid general

law.  *Butts* v. *Ricks*, 82 Miss., 533 (34 South., 354).   If it shall develop that the assessment and sale were under the Madison act, then, of course, the sale was void, and complainant below must fail in his suit.

*Reversed, demurrer overruled, and case remanded, with sixty days to appellee to answer after mandate filed below.*