## COX v. PHILLIPS.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1921.)

No. 3776.

Navigable waters ⬦�longrightarrow46(2)—Description held to include island accretion.

A trust deed covering a plantation situated on the east bank of the Mississippi river, "also all accretions or made land pertaining to said plantation," *held* to include a large island of unknown acreage, which had been forming in the river, and which under the law of the state was an appurtenance to the shore land, and a statement in the deed of the acreage, "more or less," *held* not a limitation, but intended to apply to the mainland only.

In Error to the District Court of the United States for the Jackson Division of the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by Mary E. Cox against Mary A. Phillips. Judgment for defendant, and plaintiff brings error. Affirmed.

J. Hirsh, of Vicksburg, Miss. (Wm. H. Watkins, of Jackson, Miss., Hirsh, Dent & Landau, of Vicksburg, Miss., and Watkins, Watwins & Eager, of Jackson, Miss., on the brief), for plaintiff in error.

William C. Martin, of Natchez, Miss., and T. G. Birchett, of Vicksburg, Miss. (R. L. McLaurin, of Vicksburg, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error brought an action of ejectment against defendant in error to recover certain land, described in the declaration as:

"Buena Vista Island, adjoining and lying immediately in front of the Buena Vista plantation, containing 2122 acres."

The declaration also alleges:

"Said Buena Vista plantation comprises all of section 7, except a strip 8.55 chains wide, containing 100 acres, off the north end; all of section 8, 9, 10, 11, and 12, and lots 1 and 2, section 15; and 22.40 acres in section 13, known as the Zachary Taylor place—all in township 10, range 2 west; the said Buena Vista plantation containing 1,960 acres."

It was stipulated that one A. A. Cox died seized and possessed of the plantation, and—

"as riparian owner became the owner of all that part of Buena Vista Island lying in front of the Buena Vista plantation, the said Buena Vista Island being east of the center of the stream of the Mississippi river; such portion of Buena Vista Island being the land sued for by the plaintiff in this cause."

The said A. A. Cox died intestate in 1886, leaving as his heirs at law his widow, Anna L. Cox, his son, W. S. Louis Cox, and his daughter, Mary E. Cox, plaintiff in error. November 3, 1892, plaintiff in error and her brother conveyed their undivided two-thirds interest in the

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plantation to their mother, describing it as being in sections 7, 8, 9, 10, 11, and 12, and as containing 1,716 acres, and conveyed also:

"All the island and accretions adjacent to and pertaining to the same, consisting of about 1,000 acres, making all together 2,716 acres."

February 13, 1893, plaintiff in error and her brother executed to their mother another deed, in which they added to the description in their first deed lot 2 of section 15, and represented the land conveyed as—

"containing by estimation 1,875 acres, more or less; also all batture and accretion known as the 'Island' thereunto belonging."

February 14, 1893, Anna L. Cox executed a deed of trust to secure a loan from the American Freehold Land Mortgage Company of London, Limited., of the lands last mentioned, and in addition of lot 1 in section 15, and 22.40 acres in section 13. The description in the deed of trust also contains the following:

"Also all accretions or made land pertaining to said plantation—all in township ten (10) north, range two (2) west, containing in all nineteen hundred and sixty-five (1,965) acres, more or less."

After executing the deed of trust, and on March 17, 1893, Anna L. Cox conveyed the plantation and island to plaintiff in error and W. S. Louis Cox. The plantation was described as containing 1,716 acres, and otherwise as it had been in the deed of November 3, 1892. The island was described simply as "Buena Vista Island," and without mention of acreage. Plaintiff in error inherited the interest, if any, of W. S. Louis Cox, who subsequently died. The deed of trust was foreclosed in the year 1895, the description being the same as in the deed of trust. Defendant in error claims title to both the plantation and island under the foreclosure sale.

Buena Vista plantation comprised several irregularly shaped and fractional sections of land bordering on the east bank of the Mississippi river. A plat of the surveys of these sections was filed in evidence. It fails to give the acreage of section 7, but represents the other sections and parts of sections within the plantation as containing 1,437 acres. In the deed to defendant in error the part of section 7 conveyed is represented as containing 435 acres. Buena Vista Island began to form in the Mississippi river some time prior to the year 1870. There was testimony that the island contained about 300 acres as early as 1869. It was variously estimated to contain 800, 1,000, and even 1,700 acres prior to 1893, at about which time it became solid ground adjoining the mainland, and only during extremely high stages of water is it now separated from the mainland. At the close of the evidence the court directed a verdict for the defendant in error.

It is the contention of plaintiff in error that the description in the deed of trust only included the mainland lying within the surveyed sections of the Buena Vista plantation, and did not include the accretions which form the island and connect it with the plantation. That clause in the deed of trust which grants, "also all accretions or made land pertaining to said plantation," is claimed to be ineffective and insufficient to include the accretions, according to the natural import of the words used, and the reason assigned is that the acreage named in the deed of

trust is considerably less than the combined actual acreage of the plantation and the land formed by accretion.

It will be observed that in the deed of November 3, 1892, the plantation is described as containing 1,716 acres, and that in the deed dated February 13, 1893, the plantation is described as containing 1,875 acres, more or less, and that in the deed of trust the acreage is given as 1,965 acres, more or less; but it should be borne in mind that lot 2 of section 15 was added in the deed of 1893, and that not only this lot, but also lot 1 in section 15, and 22.40 acres in section 13, were included in the deed of trust. The declaration alleges that the mainland included in the plantation contains 1,960 acres, or only 5 acres less than that described as being contained in the deed of trust.

It is to be inferred that the deeds from plaintiff in error and her brother to their mother were executed in contemplation of the deed of trust, because of the reconveyance to them shortly thereafter. It is significant that title to the accretions, as well as to the mainland, was conveyed to the mother. There would have been no object in doing that, if it had not been the intention to include the accretions in the deed of trust.

It appears to be the settled law of Mississippi that the owner of land bounded by the Mississippi river takes title to the middle thread of the river. Morgan v. Reading, 3 Smedes & M. 366; The Steamboat Magnolia v. Marshall, 39 Miss. 109; Archer v. Greenville Sand & Gravel Co., 233 U. S. 60, 34 Sup. Ct. 567, 5 L. Ed. 850. In Jefferis v. East Omaha Land Co., 134 U. S. 178, 10 Sup. Ct. 518, 33 L. Ed. 872, it is said:

"Where a water line is the boundary of a given lot, that line, no matter how it shifts, remains the boundary, and a deed describing the lot by number or name conveys the land up to such shifting water line, exactly as it does up to a fixed side line."

To the same effect is Smith v. Leavenworth, 101 Miss. 238, 57 South. 803.

If, therefore, there had been no reference to accretions or made land, the title thereto would nevertheless have passed by the deed of trust and the foreclosure thereof, to the island and to all the alluvial lands lying between the Buena Vista plantation and the middle thread of the Mississippi river. But the fact that the alluvial lands are specifically mentioned would appear to show beyond dispute that title thereto passed, by foreclosure of the deed of trust, to the predecessor in title of defendant in error.

The only circumstance urged against this rather obvious conclusion is that the acreage in the deed of trust is stated to be less than it actually was as a matter of fact. If it be once conceded that the acreage refers only to the mainland, and not to the accretions, it is quite apparent that there is no error in the decree of the court below. We are of opinion that it was the intention of the parties to give the acreage contained in the mainland only. This construction disposes of all contentions made by plaintiff in error, while the construction contended for by her would render useless and pointless the reference made in the deed of trust to the accretions. The conclusion that it was the intention

to convey the accretions, including the island, is every where apparent and is consistent with the contemporaneous acts of the parties, and cannot be explained away by the mere circumstance that the unknown, uncertain, and variable acreage of the accretions was not also stated.

The judgment is affirmed.