Dimitry *et al. v.* Lewis *et al.*[*]

Same *v.* Saucier *et al.*

(Division B. May 21, 1928. Suggestion of Error Overruled June 11, 1928.)

[117 So. 265. No. 26666.]

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1054, n. 23; p. 1504, n. 80; p. 1506, n. 90.

*J. F. Galloway,* and *M. D. Dimitry,* for appellants.

*Ford, White, Graham & Gautier* and *J. L. Taylor,* for appellees.

PACK, J. Appellee, Mrs. Lillian Lewis filed two bills of complaint in the chancery court of Harrison county; one against Oak Grove Lodge and Dimitry heirs, the other against Marguerite Saucier *et al.* Subsequent to the filing of these suits, Theodore Dimitry and two others acquired, as trustees, all rights of Dimitry heirs, intervened, and defended the suit, claiming ownership to both tracts of land. The parties will be referred to as complainant and defendants. The suits were for the purpose of confirming tax titles under adverse possession, and, the facts being similar, were, by consent, consolidated and tried together.

The subject of the first suit is the land described as the west half of the southwest quarter of the northeast quarter, section 5, township 8, range 12, in Harrison county, Miss. Ownership of said land is based upon tax deed, dated March, 1886, to J. J. Dale, which title, by *mesne* conveyances, became vested in complainant in 1925. It is alleged that one link in the chain of title to this twenty-acre tract shows that Dudley Watrous purchased same from one Lang, who purchased from Dale, vendee, at tax sale, that Watrous was in adverse possession of same continuously for more than ten years thereafter, and that the timber thereon had been turpentined for more than three years.

Complainant alleges ownership of the other tract, the northwest quarter of the northeast quarter, section 5, township 8, range 12, under tax deed made to John Scarbrough in March, 1898, and adverse possession thereunder. The bill alleges that a part of this forty-acre tract had been actually occupied, under said tax title, by complainant and her predecessors in title, for a longer period than ten years.

The answers of appellant denied adverse possession, and challenged the validity of both tax deeds. The one to Dale, they say, is void, for the reason it did not set out the year for which the land was sold for taxes; that

the sale to Scarbrough was void because he was, at the time, a member of the board of supervisors of Harrison county, and was thereby incapacitated to buy the land.

Complainant's right to relief is challenged mainly upon the further ground that the two tracts of land in question were embraced in the land forming a part of Spanish land grants, title to which was confirmed by the United States government to claimants, the Dimitrys, in 1849. Plats, maps, certificates, and other proof were introduced to establish the boundaries of the land embraced in said Dimitry claim.

The defendants further contend that, since the land in question was embraced in said Spanish grants, the United States government and no right to have said land, nor any part thereof, surveyed into sections and subdivisions thereof, which, it seems, had been done many years prior to the confirmation of said grants.

The answers were made cross-bills, to which answers were filed.

The chancellor found as a fact that adverse possession by complainant and her predecessors in title had run for more than ten years after right to redeem as to the twenty-acre tract, and, as to the other tract, found that complainant had been in continuous adverse possession of a portion of said land for longer than three years, upheld the tax deed the Scarbrough, dismissed the cross-bills, and confirmed complainant's title to both tracts of land.

The questions the record presents for our decision, in both cases, are:

(1) Because of the Spanish grant, was the description of the land in question, according to regular government survey, into sections and subdivisions thereof, a good description for purposes of taxation by the state?

(2) Were the tax deeds void? And if so, did they constitute such color of title as would put in operation the three-year statute of limitations?

This court recently had before it the case of *Dimitry et al.* v. *Jones,* reported in 115 So. 786, in which said first proposition was considered; the same able counsel appearing for appellants there appears here, make the same contention, and cite the same authorities. In that case we held that the state, in making up its assessment rolls, can use any proper description it deems best, so long as its statutory scheme does not violate constitutional requirements of due process and reasonable notice; and further held that section 4283, Code of 1906 (section 8213, Hemingway's 1927 Code; section 6917, Hemingway's 1917 Code), outlines the statutory plan of making land assessments, quoting from the former *Dimitry case, supra:*

"This is not a case of conflicting claims between the Spanish government and the United States government; not of conflicting titles under grants from different governments. The original ownership was unquestionably with the owners of the Spanish grant, and the treaty gave the government no power to sell or dispose of it. Nevertheless the land was surveyed and laid off in regular governmental sections, townships, and ranges, and the state government had the right to assess the property according to these governmental subdivisions. Whether they were wrongfully made or not is not material for that purpose."

It becomes unnecessary for us to pass upon the validity of the tax deeds in question. The chancellor found as a fact, from the evidence, that the three-year statute of limitations had run in favor of appellee. This statute, section 3095, Code of 1906 (section 2633, Hemingway's Code 1927; section 2459, Hemingway's Code 1917), reads as follows:

"Actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes shall bar any suit to recover such land or assail such title because

of any defect in the sale of the land for taxes, or in any precedent step to the sale, saving to minors and persons of unsound mind the right to bring suit within such time, after the removal of their disabilities, and upon the same terms as is provided for the redemption of land by such persons."

It has been repeatedly held by this court that actual occupancy for three years, after two years from the tax sale, ripens into a good title, and will constitute a bar to the original owner. And this is true, although the tax sale under which title is claimed, be void. *Hammer* v. *Yazoo Delta Lumber Co.,* 100 Miss. 349, 56 So. 466; *Smith* v. *Leavenworth,* 101 Miss. 238, 57 So. 803; *Butts* v. *Ricks,* 82 Miss. 533, 34 So. 354.

It appears that the two tracts of land are contiguous; that all of one and a part of the other were clearly in adverse occupancy of complainant and her predecessors in title for more than three years after the time for redemption, under claim of ownership. This would place the statute in operation as to both tracts. *Brougher* v. *Stone,* 72 Miss. 647, 17 So. 509; *Pearce* v. *Perkins,* 70 Miss. 278, 12 So. 205. We find no reversible error, and the case is affirmed.

*Affirmed.*