WALKER, Justice, for the Court:
This is an appeal from the Chancery Court of Bolivar County where appellant claimed land in Section 34, T25N, R8W through certain 1978 forfeited tax land patents from the State of Mississippi. The chancellor found the erosive action of the Mississippi River had completely destroyed Section 34 many years prior to issuance of the patents and awarded the area formerly occupied by Section 34 to appellees, the riparian landowners, as accretion to their land in Section 3.
Appellants assign as error the chancellor’s finding: (1) that Section 34 had been completely destroyed by erosion in 1925, and (2) the chancellor’s failure to apply Wineman v. Withers, 143 Miss. 537, 108 So. 708 (1926) to determine ownership of the lands in question, and (3) the chancellor’s failure to apply the doctrine of reliction.
One expert witness testified at trial. He presented evidence that in 1881 all but a remnant of Section 34 had caved into the Mississippi River and that by 1925 Section 34 had been completely destroyed by erosive *337 action. The expert testified that erosion continued until only 1,000 feet of the south line of Section 32 remained in 1937. This, he explained, was the line of maximum recession, or where the river ceased to erode. The land that now occupies a portion of the geographic area of former Section 34 is new land that began to accrete between 1937 and 1948 to Section 3. Lay witnesses familiar with the area testified the bar-building[1] action began after World War II and that timber in the area, mainly cottonwood and willow, is young, no older than 20 to 22 years old.
From this evidence the chancellor found that Section 34 was destroyed by erosion and that the new lands which now extend over the former geographical location of Section 34 were accretions to Section 3 and therefore belong to appellees, the new riparian landowners.
The chancellor’s conclusion that Section 34 was destroyed by 1925 was amply supported by the evidence.
In the alternative, the appellants argue that if Section 34 was destroyed, the doctrine of reemergence, not accretion, is the applicable law in this case. We disagree.
In Sharp, et al. v. Learned, 195 Miss. 201, 14 So.2d 218 (1943), this Court defined accretion as follows:
(c) Accretion or alluvion is an addition to riparian land made by the water to which the land is contiguous, so gradually and imperceptibly that, though the witnesses may see from time to time that progress has been made, they could not perceive it while the process was going on. (195 Miss. at 215, 14 So.2d 218).
Any accretions which are added to riparian lands become a part of that land and are covered by the legal descriptions, whether the accretions are expressly mentioned or not. Smith v. Leavenworth, 101 Miss. 238, 57 So. 803 (1911); Anderson-Tully Co. v. Walls, 266 F.Supp. 804 (N.D.Miss.1967).
In United States Gypsum Co. v. Reynolds, 196 Miss. 644, 18 So.2d 448 (1944), the appellant, United States Gypsum Company, claimed the title to certain lands which, the evidence showed, had become attached to their sections of land by the gradual movements of the river. The Court held that absent countervailing evidence there is a presumption that the gradual changes in land occurred through the process of erosion and accretion. The chancellor correctly so found in this case.
Upholding the Gypsum presumption, supra, this Court in Robinson v. Humble Oil, 253 Miss. 602, 176 So.2d 307 (1965), cert. denied, 383 U.S. 911, 86 S.Ct. 895, 15 L.Ed.2d 665, said riparian landowners have a “vested right to the accretion to their property, and we might add, the vested hazard of loss by erosion.” (253 Miss. at 626, 176 So.2d 307.)
Appellants contend, incorrectly, that Wineman v. Withers, supra, controls the factual situation in the present case. In Wineman, two adjoining landowners disputed the proportionment allowed to them of alluvion that had accreted. This Court held that the alluvion which replaced appellee’s land that had submerged would not be considered in apportioning the new shoreline since the lands that accreted simply replaced the land of the appellee which had been submerged. However, this does not alter the rule that a riparian landowner is entitled to the accretions which form at the shoreline of his property. The riparian landowner in Wineman remained riparian. His rights were never lost.
In this case the evidence showed appellants’ land (Section 34) bordered on a navigable stream and was completely eroded away by 1925. At that time the land lost its riparian character and the riparian rights were acquired by the new riverfront owners — the appellees who owned the land at the point of maximum recession of the river. Therefore, the appellees are entitled to the accretions even though the accretions extend over the geographical location of the former original riparian tract. The rule governing this case is clearly stated in *338 Thompson on Real Property, § 2562, p.35 (1978) and reads, in part, as follows:
The weight of authority seems to be in favor of the rule that where riparian land is wiped away to an extent that former nonriparian land becomes riparian, and then by accretion, land is formed on the shoreline of the latter until it extends across the former boundary line between the two tracts, the whole of the accreted land belongs to the owners of the land against which it started to form, to the extent of their frontage, regardless of. whether it extends over and beyond the original boundary between the formerly nonriparian owners and the owner whose lands have been washed away.
The appellants' contention that the doctrine of reliction should apply is completely misplaced. See Thompson on Real Property, § 2563 (1978).
For the reasons stated above, this case is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE and BOWLING, JJ., concur.
HAWKINS, J., took no part.

. Formation of a land bar is a common form of accretion.